**CITY OF SAN ANTONIO and City of San Antonio's Firemen's and Policemen's Civil Service Commission, Appellants,**

v.

**Gilbert FLORES, Jr., Appellee.**

**No. B2715.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 22, 1981.

Rehearing Denied Aug. 12, 1981.

Jake Talley, Jr., Asst. City Atty., San Antonio, for appellants.

Harry A. Nass, Jr., San Antonio, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is an appeal of an order by the District Court which reversed a decision by the City of San Antonio's Firemen's and Policemen's Civil Service Commission. The trial court's judgment reversed the indefinite suspension and dismissal of Gilbert Flores, Jr., Appellee, and ordered that he be restored to his position and rank as a firefighter in the Fire Department of the City of San Antonio. We affirm.

Gilbert Flores, Jr. was dismissed from the Fire Department of the City of San Antonio effective April 12, 1979, after a hearing before the Firemen's and Policemen's Civil Service Commission. The dismissal was based on two charges alleged by the Appellants. The first charge was that Gilbert Flores, Jr., on March 15, 1979, while he was supposed to be at home recuperating from an on-the-job injury, left his home and went to his ex-wife's mother's home. The Appellants alleged this act violated the sick leave policy of the Fire Department which states in part: "All members of the San Antonio Fire department on sick or injury leave will remain at home accept [sic] when it is is necessary to go to a doctor, hospital or to obtain medicine or medical attention."

The second charge against Gilbert Flores, Jr. was that he violated certain provisions of Civil Service Rule XX, Section 120, which, if violated, are grounds for removal of an employee. The applicable grounds are: "Acts of said employee showing a lack of good moral character; Conduct prejudicial to good order; Violation of any of the rules and regulations of the department, or of special orders, as applicable." The Appellants alleged in the second charge that Gilbert Flores, Jr. forced his ex-wife Laura Flores to accompany him to his house, threatened her with a knife and cut her slightly, beat her, tied her up for approximately fifteen minutes, and forced her to have sex with him.

Based upon these charges and the evidence presented to them, the Firemen's and Policemen's Civil Service Commission upheld the fire chief's indefinite suspension of Gilbert Flores, Jr. The trial court reversed the Civil Service Commission and reinstated Gilbert Flores, Jr. to his position as a fireman, with back pay.

The City of San Antonio and the Fireman's and Policemen's Civil Service Commission urge two points of error. In these points the Appellants argue the trial court erred in holding there was no substantial evidence to support the decision of the Commission and in holding reasonable men could not have reached the conclusion reached by the Commission from the evidence adduced.

In reviewing actions of administrative agencies our scope of review is limited by the substantial evidence rule. That is, the order of an administrative agency must be upheld if it is reasonably supported by substantial evidence introduced in the trial court. *Cusson v. Firemen's and Policemen's Civil Service Commission of San Antonio*, 524 S.W.2d 88, 89 (Tex.Civ.App.-San Antonio 1975, no writ). In reaching our decision we must consider all of the evidence heard by the trial court. *Id.*

In applying the "substantial evidence" test our duty is to determine whether reasonable men might have reached the conclusion the administrative agency, reached, based on the evidence introduced in the trial court, and we must uphold an administrative decision if it is reasonable, even though we might have reached a different conclusion based on the same evidence. *Id.* at 90.

Finally, it is clear that where the substantial evidence rule is applied in reviewing administrative actions, the action of the administrative body is presumed to be valid, *City of San Antonio v. Texas Water Commission*, 407 S.W.2d 752 (Tex. 1966), and the party seeking to set aside the administrative order has the burden of proving the order is not reasonably supported by substantial evidence, *De Leon v. Texas Employment Commission*, 529 S.W.2d 268, 271 (Tex.Civ.App.-Corpus Christi, 1975 writ ref'd n. r. e.).

Applying the required test to the facts in the present case we uphold the decision of the trial court which found there was no substantial evidence to support the decision of the Firemen's and Policemen's Civil Service Commission dismissing Gilbert Flores, Jr. from the San Antonio Fire Department.

The evidence produced at trial established that the day Gilbert Flores was alleged to have left his home while recuperating from an on-the-job injury his shift was scheduled to be off-duty. The sick leave policy of the Fire Department provides: "Personnel [on sick leave] will not be called or visited on the days that they would normally be off-duty." The District Chief testified that in light of this part of the policy, in practice, a fireman on sick or injury leave is not required to be at home when his shift is not on duty. Therefore, Gilbert Flores, Jr. did not violate the sick leave rule of the Fire Department as it is interpreted and enforced by the Department itself. Any finding by the Commission that this rule was violated is not reasonably supported by substantial evidence in the trial court.

Regarding the other charge supporting the dismissal, the alleged violations of Department rules all stem from the incident where Gilbert allegedly forced his ex-wife to accompany him to his house, where he then allegedly threatened and abused her and ultimately forced her to have sexual relations with him.

Gilbert Flores, Jr., at trial, denied the allegations of the use of any force or threats on the day in question and testified he and his former wife were trying to get their marriage reconciled. In addition, five witnesses testified they saw Laura Flores at various times on the day in question, and none of the witnesses noticed any cuts or bruises on her or saw anything out of the ordinary.

The only witness the Appellants presented at trial was Laura Flores, Gilbert's former wife. Her testimony is filled with inconsistencies, misstatements and uncertainties, and it contradicts the testimony of some sixteen witnesses called on behalf of Gilbert Flores, Jr.

In short, we find Laura Flores' testimony to be incredible. We hold the Commission's decision that Gilbert Flores, Jr. violated certain provisions of Rule XX, Section 120 stemming from his conduct on March 15, 1979, is not reasonably supported by substantial evidence.

We overrule Appellant's points of error and affirm the judgment of the trial court.