**County Judge Jon LINDSAY and the Texas Alcoholic Beverage Commission, Appellants,**

**v.**

**Dorothy K. STERLING d/b/a/ "Kay's Mink Garter", Appellee.**

**No. 01–83–00854–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1984.

Opinion on Rehearing Dec. 31, 1984.

David H. Melasky, Houston, for appellants.

Marshall A. Shelsy, Percely, Shelsy & Associates, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

## ON MOTION FOR REHEARING

LEVY, Justice.

Upon appellee's motion for rehearing and in consideration of the supplemental transcript now on file, demonstrating appellee's compliance with section 16(e) of the Administrative Procedure Act, we withdraw our prior opinion in this cause and substitute the following:

This appeal is from an order of the District Court reversing a decision by the County Judge which denied the application of Dorothy K. Sterling, appellee, for renewal of her wine and beer license.

Pursuant to Sections 61.31 and 61.32 of the Texas Alcoholic Beverage Code (Vernon 1978), a hearing was held before Harris County Judge Jon Lindsay to consider appellee's application for renewal of her "Wine and Beer Retailer's Permit" and "Retail Dealer's On-Premise Late Hours License".

After hearing testimony from appellee, an agent of the Texas Alcoholic Beverage Commission, and area residents, Judge Lindsay denied appellee's application and made these findings:

1. Applicant will conduct her business in a manner that is likely to result in jeopardy to the general welfare, health, peace, morals, safety and sense of decency of the people;

2. Applicant will conduct her business in a manner contrary to law and in a manner conducive to a violation of the law;

3. Applicant will conduct her business in a place, building, or premises which was operated, during the six months immediately preceding the filing of this application, in a manner which was contrary to the Alcoholic Beverage Code;

4. The applicant has violated or caused to be violated a provision of the Texas Alcoholic Beverage Code or a rule or regulation of the Texas Alcoholic Beverage Commission, for which a suspension was not imposed, during the 12 month period immediately preceding the filing of her application.

Section 11.67, T.A.B.C. (Vernon Supp. 1981), provides that an appeal from an order of the Commission or Administrator refusing, cancelling, or suspending a permit or license may be taken to the district court of the county in which the applicant or licensee resides. Pursuant to Section 11.67, appellant appealed the decision to the 189th District Court of Harris County, after filing a motion for rehearing before the County Judge, which was denied.

In her original petition filed with the District Court, appellee asked, *inter alia,* that the decision of the County Judge be reversed, that her application be granted, and that the County Judge transmit the original record of such proceedings to the District Court for its consideration. Rather than considering the record before the County Judge, the District Judge allowed

both sides to present evidence—in essence, a trial *de novo*—and the Court found after considering same that there had not been substantial evidence before the County Judge to support the denial of the appellee's renewal application. He decreed that the renewal application be granted.

County Judge Jon Lindsay, who had joined the suit as an intervenor, subsequently requested that the District Court file findings of fact and conclusions of law. These were filed as follows:

A. Findings of Fact.

1. The only objectors to the operation of the applicant were the married couple who live on the immediately adjacent land.

2. Within the last year, two employees of the applicant were each convicted of a misdemeanor.

3. The misdemeanors were different from each other, and each of those employees was promptly terminated.

4. There was no pattern of the applicant or third-parties on its premises violating the applicable regulatory or general criminal statutes.

5. The operation of the applicant did not have a deleterious effect on the community's moral or physical well being.

6. The evidence in opposition to the applicant was insubstantial.

B. Conclusion of Law. The administrative determination by the County Judge was not supported by substantial evidence.

Appellants have appealed the District Court's order to this Court, bringing two points of error for our consideration.

Appellants allege, in their first point of error, that the trial court erred as a matter of law in holding that the administrative determination made by Judge Jon Lindsay was not supported by substantial evidence. In their second point, they assert error in the trial court's failure to grant appellants' motion for an instructed verdict after appellee had rested.

■ Under the "substantial evidence" rule, which is the standard of review for most administrative agencies' orders, the issue to be decided, if all jurisdictional prerequisites are satisfied, is the reasonableness of the County Judge's order. This is · a question of law and an appellate court cannot render its decision based upon facts found by a trial court, because the legal test of the reasonableness of an order of the County Judge, acting in this matter as an administrative agency or commission, is whether it is reasonably supported by substantial evidence and *not* whether it is supported by a preponderance of the evidence. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex.1966). The Court in *City of San Antonio v. Texas Water Commission, supra,* also emphasized that it is the Commission's fact finding that is before the trial and appellate courts; thus, a trial of fact issues by a judge or jury is avoided. *Id.* at 756.

■ Where the substantial evidence rule is applied in reviewing administrative actions, the action of the administrative body is presumed to be valid, *City of San Antonio v. Flores,* 619 S.W.2d 601 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *City of San Antonio v. Texas Water Commission, supra.* The party seeking to set aside the administrative order has the burden of proving that the order is not reasonably supported by substantial evidence. *City of San Antonio v. Flores, supra* at 602; *DeLeon v. Texas Employment Commission,* 529 S.W.2d 268, 271 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The test in determining whether an administrative decision finds reasonable support in substantial evidence is "... whether the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action." *Hardy Street Investors v. Texas Water Commission,* 536 S.W.2d 85, 87 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *United Savings Association of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.).

On January 1, 1976, the Administrative Procedure and Texas Register Act, Article

6252–13a (Vernon 1976), referred to herein as the APA, became effective and, with a few stated exceptions, applies generally to administrative agencies of the State. *Imperial American Resources Fund v. Railroad Commission of Texas,* 557 S.W.2d 280 (Tex.1977).

Prior to the enactment of the APA, all of the case law specifically held that the reviewing court must look at the evidence presented in the District Court, not the evidence before the County Judge, to determine whether there was substantial evidence to support the County Judge's order. *See, e.g., Elliott v. Dawson,* 473 S.W.2d 668 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); *In re Simonton Gin, Inc.,* 616 S.W.2d 274 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *City of San Antonio v. Flores,* 619 S.W.2d 601 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

The Texas Supreme Court in *Imperial American Resources Fund, supra,* stated that judicial review of a Commission's decision is now based *on the record made before the administrative agency,* except for procedural irregularities mentioned in Section 19(d)(3) of the APA. The Court then discussed the history of review of substantial evidence cases involving the Railroad Commission:

> Prior to the effective date of the Administrative Procedure Act (January 1, 1976), judicial review of a Railroad Commission conservation order was by trial in the district court upon a new record of evidence developed in the court without regard to the evidence heard by the Commission. The Commission's order was tested by the substantiality of the evidence adduced in the district court trial. The applicable substantial evidence rule was stated in *Trapp v. Shell Oil Company,* 145 Tex. 323, 198 S.W.2d 424 (1946), and refined in *Hawkins v. Texas Company,* 146 Tex. 511, 209 S.W.2d 338 (1948).

The inherent problems with this method of review and how the change has helped resolve some of the problems were then described:

> This type of substantial evidence review of a newly developed record, which often was different from the evidence heard by the Commission, came under effective criticism. The Legislature first limited judicial review to the record made before an administrator in the Savings and Loan Act of 1963, Article 852a, Sec. 11.12(5)(b). The record under that Act is tested by the substantial evidence rule if an order of the Commissioner is contested. *Lewis v. Jacksonville Building and Loan Ass'n,* 540 S.W.2d 307 (Tex.1976); *Gerst v. Nixon,* 411 S.W.2d 350 (Tex.1966). Through enactment of the Administrative Procedure Act as to other agencies, the Legislature has made a far-reaching change in limiting judicial review under the substantial evidence rule to the records made before the administrative agencies. The result is that the agencies and the courts now consider the same evidence. Judicial review under the essential standards of the substantial evidence rule has been preserved, but the courts now test the substantiality of the evidence upon which an administrative agency made its decision. This furnishes more assurance of administrative due process and a surer means of determining whether an agency acted arbitrarily, capriciously, and without due regard to the evidence.

In *Railroad Commission v. Graford Oil Corp.,* 557 S.W.2d 946 (Tex.1977), the Supreme Court stated:

> [T]his Court's duty in reviewing decisions on the state of the evidence is not to substitute our judgment for any particular tribunal but to insure that the initial decision was based on "substantial evidence" and that this decision has been given appropriate review. Article 6252–13a, sections 19(e)(3)(5). Therefore, under the new Administrative Procedure Act, we must test the substantiality of the evidence from the record upon which the Commission made its decision. *Imperial American Resources Fund, Inc. v. Railroad Commission,* 557 S.W.2d

280, 284–285 (Tex.1977); c.f. Hamilton and Jewett, "The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review," 54 Tex.L. Rev. 285, 303–07 (1976).

In *Rector v. Texas Alcoholic Beverage Commission*, 599 S.W.2d 800 (Tex.1980), the Supreme Court confronted the problem of an applicant being denied a beer and wine license. The petitioner's arguments were premised upon a claim that he was denied due process because of the manner in which the County Judge conducted the administrative hearing. .The Court of Appeals did not address this contention because it found that substantial evidence was introduced in the District Court to support the denial by the County Judge. The Supreme Court, after reviewing the record of the hearing before the County Judge, concluded that the petitioner's due process rights had been violated and reversed the judgments of the courts below. The Court remanded the cause to the County Judge—not the District Court—for a new hearing on petitioner's application for a license. In a footnote, the Supreme Court stated that this hearing should be conducted pursuant to the provisions of the APA.

■ From the foregoing Supreme Court decisions, it seems clear that the reviewing court must assess under the substantial evidence rule the same evidence that the administrative agency (in this case, the County Judge) considered and upon which it based its decision, pursuant to Art. 6252–13a, the Administrative Procedure Act.

The judgment of the district court is accordingly reversed and the cause is remanded with instructions that the court compel the production before it of the full record of the proceedings had before the County Judge in this cause, reduced to writing and duly certified, for the court's review under the substantial evidence rule, and for further proceedings not inconsistent with this opinion.

## ON APPELLANT'S MOTION FOR REHEARING

■ Pursuant to Section 11.67 of the Texas Alcoholic Beverage Code (Vernon Supp.1981), appellee appealed the decision of the County Judge, refusing to renew her licenses, to the 189th District Court of Harris County, after filing a motion for rehearing before the County Judge. The District Court reversed and ordered renewal of appellee's licenses. On appeal, we reversed and dismissed because of a jurisdictional omission, which resulted in the appellee's supplementing the record, thereby curing the omission. This court then granted appellee's motion for rehearing, and the original opinion of August 16, 1984, was withdrawn and the opinion on rehearing, reversing the District Court with instructions, filed on November 1, 1984, was substituted.

The statutory directives of the APTRA (Administrative Procedure and Texas Register Act), article 6252–13a (Vernon 1976), require the exhaustion of all administrative remedies available within the agency before seeking judicial relief. After a party has exhausted all administrative remedies, such party may file a petition to obtain judicial review pursuant to section 19(b) of APTRA. The petition must be filed within 30 days after the decision complained of becomes final and appealable.

In the instant case, the appellee filed a motion for rehearing (required under APTRA section 16(c)) which was not overruled by operation of law at the time of filing a petition for review in the District Court. Premature filing of the petition for review may have been prompted by the conflict between section 16 of the APTRA and Chapter 61 of the Alcoholic Beverage Code, which provides a different timetable for an appeal from the agency's decision. An appeal from the order of the County Judge denying an application must be filed within 30 days after the date of the order and the case must be tried within 10 days from the date the appeal is filed. Sections 61.34, 11.67, T.A.B.C. In contrast, section 16(e) of the APTRA provides that the motion for

rehearing must be filed within 15 days of the rendition of the agency's order, which is not final and appealable under section 16(c) until the date the motion for rehearing is overruled by agency action or by operation of law (which occurs when the agency has not acted on the motion within 45 days of the date of the agency's order). Obviously, if the appellee had waited until 45 days after the order of the County Judge as required for an appeal governed by art. 6252–13a, sec. 16, the District Court would no longer have jurisdiction to entertain an appeal under sec. 11.67 of the Alcoholic Beverage Code. Confusion resulting from this conflict is certainly understandable, but we are guided by the Supreme Court's admonition in *Rector v. Texas Alcoholic Beverage Commission*, 599 S.W.2d 800, 801 (Texas 1980), that the proceedings should be governed by the provisions of the APTRA.

The record in this cause does not reveal any objection by the appellants made before the district court challenging its jurisdiction based upon the absence of the County Judge's order overruling the motion for rehearing, filed before the County Judge, or upon the non-lapse of the statutory 45 days invoking the overruling by operation of law. The first mention of this purportedly jurisdictional argument is in appellants' response to appellee's "Motion for Rehearing and Motion to Supplement Transcript."

Under section 19(d)(3) of the APTRA, "the court may receive evidence of procedural irregularities to have occurred before the agency but which are not reflected in the record." Under the facts of this case, and in view of appellants' selective delay of their purportedly jurisdictional argument, constituting a virtual estoppel as to their present position, we consider the premature filing only as a procedural irregularity that does not affect the substantive rights of the parties.

Accordingly, the appellants' motion for rehearing is denied.