Bernardo De LEON, Appellant,

v.

TEXAS EMPLOYMENT COMMISSION,
Appellee.

No. 1012.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 16, 1975.

Rehearing Denied Nov. 13, 1975.

Bernardo De Leon, pro se.

Michael E. Stork, Asst. Atty. Gen., Austin, for appellee.

OPINION

BISSETT, Justice.

This is an appeal from a judgment that sustained the decision of the Texas Employment Commission that Bernardo De Leon was ineligible to receive unemployment benefits. Bernardo De Leon filed a claim with the Texas Employment Commission (Commission) wherein he sought unemployment benefits as a result of his being separated from employment with his employer on September 26, 1974. After the Commission determined that he was ineligible to receive such benefits, Bernardo De Leon, hereinafter called plaintiff, filed suit on his claim. Following a trial before the court, judgment was signed and rendered which upheld the decision of the Commission.

Plaintiff has appealed that judgment to this Court.

Plaintiff, in his claim for unemployment benefits, stated:

"I was laid off because work was slow. I am not available for other work at this time as I have filed a grievance through the union to get my job reinstated."

At the initial hearing on the claim, plaintiff told the examiner that he was available for part-time or temporary work, but that he was not available for permanent employment since he did not feel that it would be fair (to a prospective employer) for him to accept permanent employment and then have to quit if he was reinstated in his old job. He was ruled ineligible for unemployment benefits at all hearing levels of the Commission, because he was not "available for work" under Tex.Rev.Stat.Ann. Art. 5221b–2(d). The trial court, in upholding the decision of the Commission, found that there was substantial evidence to support that decision.

Plaintiff is not an attorney. He represented himself at all of the proceedings before the Commission and at the trial. He represents himself in this appeal. The brief filed by plaintiff in this Court leaves much to be desired. It does not comply with the briefing rules set out in the Texas Rules of Civil Procedure. However, we have concluded that it is in the interest of justice (and of the parties) not to require plaintiff to rebrief his case, since a liberal construction of some of the points in the brief reveals that he contends that a portion of Tex.Rev.Civ.Stat.Ann. Art. 5221b–1 et seq. commonly known as the "Texas Unemployment Compensation Act", is unconstitutional; that the judgment rendered by the trial court is unreasonable; and that the judgment is not supported by substantial evidence.

Plaintiff, in Point 6, contends that Tex.Rev.Civ.Stat.Ann. Art. 5221b–2(d) is unconstitutional because it violates Section 1 of the 14th Amendment of the United

States Constitution. The particular portion of the statute under attack provides:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that:

\*　　\*　　\*　　\*　　\*　　\*

(d) He is available for work."

That portion of the statute which requires a person to be "available for work" is constitutional. It is not a law which abridges the privileges or immunities of citizens of the United States, deprives any person of life, liberty, or property, without due process of law or denies any person the equal protection of the law. Point 6 is overruled.

Point 3 asserts, in substance, that the judgment of the trial court is unreasonable and arbitrary. The general thrust of Point 5 is that the decision of the Commission is not supported by substantial evidence.

The Texas Unemployment Compensation Act was intended to provide a method of compensation for persons who are unemployed through no fault of their own. It was not intended to make benefits available to those who would restrict work to temporary work only. Our Supreme Court has held for a claimant to be eligible for unemployment benefits, he must be "available for work", and cannot impose any restrictions on his availability for work that effectively detaches himself from the labor market of the community. *Texas Employment Commission v. Holberg*, 440 S.W.2d 38 (Tex.Sup.1969); *Texas Employment Commission v. Hays*, 360 S.W.2d 525 (Tex.Sup. 1962). The eligibility requirement of the statute is a statutory condition which a claimant must meet before he is entitled to unemployment benefits.

The law in this State is well settled that an action to review a decision of the Texas Employment Commission is governed by the substantial evidence rule. *Texas Employment Commission v. Holberg, supra; Nelson v. Texas Employment Commission,* 290 S.W.2d 708 (Tex.Civ.App.— Galveston 1956, writ ref'd n. r. e.). Under that rule, the issue to be decided in the courts and on which evidence is heard is the reasonableness of the Commission's decision; this is a question of law and an appellate court cannot render its decision based upon facts found by the trial court because the legal test of the reasonableness of the decision of the Commission is whether it is supported by substantial evidence, and nothing else; it is the Commission's fact finding that is before the trial and appellate courts; a court cannot substitute its judgment for that of the Commission. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752, 756 (Tex.Sup.1966). Therefore, in order for a court to overturn such a decision, the appealing party must show that the decision is arbitrary, unreasonable, capricious and made without regard to the facts. *Gerst v. Guardian Savings and Loan Association,* 434 S.W.2d 113 (Tex.Sup.1968).

In this case, there is no question but that there is substantial evidence upon which the Commission based its decision. Plaintiff testified at the hearings before the examiner, the Appeal Tribunal (of the Commission), and before the Commission itself, that he was not available for permanent employment because of reasons that were purely personal to him. There is no evidence which shows that the decision is unreasonable, arbitrary, capricious, and made without regard to the facts presented to the Commission. Where a claimant for unemployment benefits voluntarily restricts his employment to temporary work only, he is not "available for work", and is, therefore, ineligible to receive unemployment benefits under the Act.

Under the record before us, plaintiff did not meet the eligibility requirement of Tex. Rev.Civ.Stat.Ann. Art. 5221b–2(d). Points 3 and 5 are each overruled.

Points 1, 2 and 4 do not present error. Plaintiff, in those points, complains that the "attorney for Texas Employment Commission" failed "to bring forth substan-

tial evidence" to counteract plaintiff's position, to support the judgment, or to support the findings of fact made by the trial judge. The burden was not on the attorney for the Commission to bring forward any evidence adduced at the trial in support of the judgment. The burden was on plaintiff to show in the trial court and in the appellate court that the decision of the Commission was not reasonably supported by substantial evidence. *City of San Antonio v. Texas Water Commission, supra; Redd v. Texas Employment Commission,* 431 S.W.2d 16, 26 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). Plaintiff did not meet that burden. Points 1, 2 and 4 are overruled.

We have carefully considered all of the remaining points of error which are brought forward by plaintiff in his brief. None of them have any merit, and they are all overruled.

The judgment of the trial court is affirmed.