**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**CHILD, INC., Appellee.**

No. 3–86–115–CV.

Court of Appeals of Texas, Austin.

Sept. 23, 1987.

Rehearing Denied Oct. 28, 1987.

Jim Mattox, Atty. Gen., Susan F. Eley, Asst. Atty. Gen., Austin, for appellant.

Mark Z. Levbarg, Levbarg & McGowan, Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

This is an appeal from a district court judgment reversing a decision of the Texas Employment Commission. The Commission had ruled that employees of appellee, a corporation operating a "Head Start" program for preschool children, qualified for unemployment benefits. The trial court granted a "declaratory judgment" that appellee was an "educational institution;" thus, the employees were not entitled to benefits under a section of the Texas Unemployment Compensation Act which denies benefits to educational employees idled during summer school vacation. We will reverse the judgment of the trial court and render judgment that the claimants recover their unemployment compensation benefits.

Section (f) of the Texas Unemployment Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 5221b–1 (1987), provides that employees of "educational institutions" do not qualify for unemployment benefits between academic terms if there is a contract or reasonable assurance that the individual will perform services in the same capacity during the next academic term or year. This provision was intended to prevent employees of educational institutions from collecting unemployment benefits during regular periods of summer vacation. The restriction of benefits to these workers was enacted to bring the Texas Unemployment Compensation Act into conformity with federal law. *See* Tex.S.B. 896, 65th Reg.Sess. (1977) and 26 U.S.C.A. § 3304(a)(6)(A). It is appellee's status as an "educational institution" under § (f) of the Texas act that is the subject of this controversy.

Appellee, Child, Inc., operates a federally funded Head Start program for preschool children. It is a non-profit corporation employing some two hundred persons. The corporation does not, however, provide jobs for any of its employees during three months of each year falling between the nine-month academic terms. During these periods of unemployment, appellant, the Texas Employment Commission, awarded unemployment insurance benefits to Child, Inc.'s employees. Because unemployment awards are used by the Commission in computing appellee's tax rate, appellee protested the employees' claims.

Upon review of appellee's protests, the Commission ruled that appellee was not an "educational institution" and that its employees were entitled to the benefits. Appellee appealed the decision to the appellate division of the Commission and then to district court. The district court reversed the ruling of the Commission and declared that "Child, Inc. is an educational institution for the purposes of the Texas Unemployment Compensation Act." The court further ordered that the claimants were not entitled to recover unemployment benefits for the summer vacation period. The Commission appealed to this Court.

The Commission brings three points of error. First, the Commission asserts that the trial court lacked jurisdiction to hear the appeal; second, that the trial court erred as a matter of law in reversing the Commission since its decision was based on long standing administrative policy; and third, that the administrative decision was based on substantial evidence.

Appellant first contends that the trial court lacked jurisdiction on grounds of sovereign immunity. Because a suit against the Commission is a suit against the State, *Olson v. Texas Employment Commission*, 593 S.W.2d 866, 867 (Tex.Civ. App.1980, writ ref'd n.r.e.), one may sue the Commission, as a general rule, only if there is an express grant of authority permitting that suit. *Texas Employment Commission v. International Union of Electrical Workers*, 163 Tex. 135, 352 S.W.2d 252, 254 (1961). Appellant argues the exclusive grant of authority permitting suit against the Commission allows only suits to collect unemployment benefits because it does not mention declaratory judgments. *See* Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (1987). The Texas Unemployment Compensation Act provides that "[w]ithin ten (10) days after the decision of the commission has become final, and not before, any party aggrieved by a decision of the Texas Employment Commission may secure judicial review of that decision in any court of competent jurisdiction...." *See* Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (1987). This statutory cause of action is *not* limited to the suits suggested by appellant. The jurisdictional question turns on whether Child, Inc. properly invoked its right of judicial review under art. 5221b–4(i).

It is well settled that where there are no special exceptions, as here, a petition will be construed liberally in favor of the plaintiff. *Roark v. Allen*, 633 S.W.2d 804 (Tex. 1982). In paragraph 5 of its first amended petition to the district court, Child, Inc. requested:

> "a trial, and after trial, declaratory judgment that it operates an education institution exempt from claims made during customary vacation times therefore defeating the claims of the iundividual parties ramed in Exhibit Two, who have been granted relief by T.E.C.; *a reversal of TEC's decision,* Exhibit One, and as all other relief at law or in equity to which it may prove itself entitled."

(emphasis supplied). The Commission decision is mentioned by name and incorporated by reference in appellee's first amended petition. Appellee also attached the Commission decision as an exhibit. Appellee stated it was an aggrieved party (paragraph 1, amended petition) pursuant to the language of art. 5221b–4(i) and, in paragraph 4, stated a ground for review. Finally, Child, Inc. specifically requested *reversal* of the Commission decision as well as declaratory relief. We hold appellee properly invoked the statutory right of review given an aggrieved party in art. 5221b–4(i).

Appellee coupled his request for judicial review with a request for declaratory judgment. A better drafting of the pleadings would have been to make the prayer for declaratory relief subject to the prayer for reversal. While the order of requested relief does not defeat Child, Inc.'s right to its remedy, neither does it entitle Child, Inc. to redundant remedies. Judicial review of the Texas Employment Commission's decision will resolve the same controversey sought to be resolved by declaratory judgment. Where a statute provides a method for attack on a Commission order, an action for declaratory judgment does not lie. *Railroad Commission of Texas v. Home Transportation Company*, 670 S.W.2d 319, 326 (Tex.Civ.App.1984, no writ). Thus, we hold the trial court had jurisdiction to review the Commission's ruling based upon the statutory provision for judicial review contained in art. 5221b–4(i).

We do not, however, believe that the trial court was correct in reversing the Commission's order. The legal standard to be applied by a court in reviewing a decision by an administrative agency is whether there was substantial evidence to support its findings. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986); *Maintenance Management, Inc. v. Texas Employment Commission*, 557 S.W.2d 561, 563 (Tex.Civ. App.1977, writ ref'd n.r.e.). A concise statement of the substantial evidence rule is made in *De Leon v. Texas Employment Commission*, 529 S.W.2d 268 (Tex.Civ.App. 1975, no writ), which states as follows:

> Under that rule [substantial evidence rule], the issue to be decided in the courts and on which evidence is heard is the *reasonableness* of the Commission's

decision; this is a *question of law and an appellate court cannot render its decision based upon facts found by the trial court* because the legal test of the reasonableness of the decision of the Commission is whether it is supported by substantial evidence, and nothing else; it is the Commission's fact finding that is before the trial and appellate courts; a court cannot substitute its judgment for that of the Commission.

*Id.* at 270 (emphasis added), *citing City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752, 756 (Tex.1966).

The findings of fact by the Commission indicate that appellee operates thirteen preschools under the federally funded Head Start program. The Head Start program provides funds for schools, community action agencies and other entities to deliver preschool training and other benefits to children of low income families throughout the country. Appellee is not licensed by the State or any agency thereof. Its employees, including the claimants here, are not licensed school teachers. All the children served by Child, Inc. are of preschool age. Finally, the purpose of the program is to provide low income children with the basic learning skills and socialization necessary to function as well in the regular school system as children of higher income families.

The Commission's conclusions, drawn from its findings, state that, while the basic thrust of appellee's activities is educational, most if not all of these services would be available in a regular day care center. In its analysis, the Commission emphasized that none of the individuals working with the children held teaching certificates. Furthermore, none of the children served by appellee were required by law to attend school nor were these children even eligible to attend public schools other than kindergarten. The Commission also ruled that the educational aspect of the program was merely incidental to the primary purpose of bringing the participating children to a level of social development where they can better cope with the environment of a primary school. As a result, the Commission concluded that appellee was not an "edu-cational institution." Based on the record in this case, we cannot say this conclusion was not based on substantial evidence or was unreasonable.

Because we hold that the Commission's ruling was based on substantial evidence, we find it unnecessary to proceed to appellant's other point of error.

The judgment of the trial court is reversed, and judgment is here rendered affirming the order of the Commission.