TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00048-CV






Loretta Conly Bascom, Appellant


v.


Texas Department of Human Services and Texas

Workforce Commission, Appellees







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 13,880, HONORABLE BOBBY L. CUMMINGS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 The Texas Department of Human Services ("the Department") terminated the
employment of Loretta Conly Bascom ("Conly"). (1) The Texas Workforce Commission ("the
Commission") denied her request for unemployment benefits. Conly sought judicial review of the
Commission's decision. The district court affirmed the Commission's order. Conly raises various
issues concerning procedural mistakes by the district court and an erroneous credibility
determination. Because we find the Commission's decision is supported by substantial evidence and
the other issues lack merit, we affirm the judgment.



BACKGROUND


 Conly worked for the Department for seven years. As a Texas Works Advisor II, she
determined whether applicants were eligible for food stamps and other benefits. One of her clients
was George Sanderson.

 On August 3, 1998, Sanderson sold some land to Ron Bascom. Sanderson signed a
statement in which he asserted, in part, the following:


I agreed to sell 10 acres to Ron Bascom and Loretta Conley. I assume that they are
married even though they have different last names. Loretta told me that their buying
the land from me wouldn't have any affect on my food stamps. We made the deal
and signed the papers to sell the land on August 3, 1998. In September 1998 I went
to the food stamp office to report that I had received $12.00 from Ron Bascom for
the first land payment (where I actually received any money) . . . . As for the sale of
the property, Loretta told me that she would take care of reporting that on my case. 
She said that she would also report the cleaning contract. I assumed that whatever
adjustments needed to be made to my case that Loretta would make them.



Richard Miller, who represented Sanderson and closed the sale, filed an affidavit in which he swore
that Conly was not on the closing papers and that he did not even see Conly until after the sale. 
Although Bascom and Conly were not married to each other at the time of the sale, they subsequently
married.

 Conly states that she did not learn of the land sale until much later. She denied that
Sanderson reported the change to her or that she learned about it from Bascom. She said she did not
discuss her clients with anyone. She believed that Sanderson must have reported the sale to someone
else in the office who told him it would not affect his food-stamp benefit; it was that person who
failed to report the sale at the time. Conly asserted that when she learned of the sale on September
28, 1998, she reported it. She noted that Sanderson failed to file any of the required paperwork
regarding the sale. She said the report came too late in the benefits cycle to affect his October
benefits because the reporting deadline was September 18, 1998.

 Conly's supervisor recommended her dismissal for violation of several work rules. 
Her supervisor found that she failed: (1) to maintain conduct that does not interfere with the proper
performance of duties, office operations, or department goals and objectives; (2) to adhere to the
standards of conduct in the Department's handbook; (3) to report information that could result in a
client's ineligibility; and (4) to comply with department rules, regulations, and policies--specifically,
taking actions on reported changes that affect the eligibility of or the amount of benefits accorded
to a client.

 Before the Commission, Conly complained that she was being set up for various
reasons. She said that she had no motivation to hide Sanderson's additional income--his being
given extra food stamps did not benefit her. Rather, Sanderson would benefit from her termination
because without her income Bascom would default on the payments, and Sanderson could foreclose
on the land after Bascom had paid the back taxes. Conly also contended that Sanderson is not
credible, in part because he wears foil on his head to protect himself from satellites. She alleged that
a lower-paid worker would benefit by taking her job, and that their boss would benefit because he
was having a romantic relationship with that worker.

 The Commission denied Conly unemployment benefits, concluding that she was
terminated for misconduct. See Tex. Lab. Code Ann. §§ 201.012(a), 207.044(a) (West 1996). The
statute defines misconduct as "mismanagement of a position of employment by action or inaction,
neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance,
intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and
the safety of employees." Id. § 201.012(a). 

 Conly challenged the Commission's decision in the district court, contending that the
decision was based on perjury. She also argued that the overwhelming evidence weighed against
the Commission's decision. She asserted that she did not commit misconduct and that the rules she
was alleged to have violated did not apply. The district court affirmed the decision, concluding that
it was supported by substantial evidence.


DISCUSSION


 Conly appeals, raising several issues. She complains that the court unfairly denied
her right to a jury trial. She complains that the court improperly denied her the opportunity to make
an opening statement. She complains that the court erred by disqualifying her expert witness. She
complains that the court proceeded to hear the appeal without ruling on her motion to exclude the
administrative record, which was admitted in the hearing. She alleges that the court erred by finding
Sanderson credible. She asserts that it is a conflict for the Commission to referee claims involving
the Department because both answer to the attorney general. She believes that pro se litigants should
be given more latitude and assistance from the bench. Finally, she complains of breaches of
decorum by the court staff.

 Decisions by the Commission regarding benefit payments are subject to trial de novo
review in which the district court determines whether substantial evidence supports the
Commission's ruling. See Tex. Lab. Code Ann. § 212.202(a) (West 1996); Mercer v. Ross, 701
S.W.2d 830, 831 (Tex.1986). The Commission's ruling carries a presumption of validity, and the
party seeking to set aside the Commission's decision has the burden to show that it was not
supported by substantial evidence. Mercer, 701 S.W.2d at 831. Under the substantial evidence
standard of review, the issue is whether the evidence introduced before the district court shows facts
in existence at the time of the Commission's decision that reasonably support the decision. The
reviewing court may not set aside a Commission decision merely because it would reach a different
conclusion. Id. It may do so only if it finds that the Commission's decision was made without
regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. Id.


Jury Trial

 Conly complains that the court erred by denying her a jury trial and should not have
denied her motion while she was in the hospital. As a matter of law, she was not entitled to a jury
trial in this type of case. Review of a decision on the substantial-evidence standard is a legal
determination that is not suited for a jury. See Texas Employment Comm'n v. Child, Inc., 738
S.W.2d 56, 58-59 (Tex. App.--Austin 1987, writ denied); see also Firemen's & Policemen's Civ.
Serv. v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984); Texas Co. v. Texas Employment Comm'n,
261 S.W.2d 178, 183 (Tex. Civ. App.--Beaumont 1953, writ ref'd n.r.e.).

 Further, the Texas Constitution guarantees the right to a jury trial in all types of
causes, or analogous actions, that existed when the constitution was adopted in 1876. Barshop v.
Medina County Underground Water Conservation Dist., 925 S.W.2d 618, 636 (Tex. 1996). The
unemployment compensation system was created in 1936. Act of Oct. 27, 1936, 44th Leg., 3d C.S.,
ch. 482, § 1, 1936 Tex. Gen. Laws 1993. Neither unemployment benefits nor the judicial review of
administrative decisions existed in 1876. There is no showing that unemployed workers previously
had any right to payment by the government based solely on their not being employed. There is thus
no right to a jury trial for the review of the denial of unemployment benefits. The court did not err
by denying Conly's request for a jury.


Opening statement

 Conly complains that she was denied the opportunity to make an opening statement. 
The record does not support her assertion. She made a statement before the presentation of the
evidence. The court asked if she had witnesses to call; she responded affirmatively, the witnesses
were placed under the rule, and testimony began. 

 Conly was not directly told to cease her statement, nor did she object to any indirect
curtailment of her statement. She has not shown that she preserved this complaint for review. See
Tex. R. App. P. 33.1(a). 

 More important, Conly has not shown that she was harmed by any curtailment of her
statement. The opening statement is not evidence, and the opening statement she asserts in her brief
that she would have made at trial includes assertions not supported by the evidence offered or
admitted at the hearing. We find that Conly has not shown that any curtailment of her opening
statement probably caused the rendition of an improper judgment or prevented her from properly
presenting her appeal to us. See Tex. R. App. P. 44.1.


Recusal of a judge

 Conly complains about the judge who was assigned to hear her case. She says she
would have requested recusal if she had known who the judge was. Yet, there is no indication in the
appellate record that she ever attempted to use the procedures available under the rules of civil
procedure to have the judge removed. See Tex. R. Civ. P. 18a. Nor is it apparent that any such
request should have been granted.


Expert witness

 Conly complains of the disqualification of witness Rebecca Gerra (2) as an expert. 
Gerra was a long-time supervisor in the Department. She did not have personal knowledge of the
circumstances surrounding Conly's dismissal. The Commission objected to her ability to testify
regarding what the Department did when training all of its employees. The court sustained the
objection.

 Conly complains that Gerra knew what information Conly received at training
because Gerra trained Conly. The exclusion of Gerra as an expert blocked only testimony regarding
her opinions or beliefs generally regarding such issues as the Department's training practices. See
generally Tex. R. Evid. 702. Her exclusion as an expert did not block testimony about specific
events of which Gerra had personal knowledge.

 Further, we are not permitted to reverse for the exclusion of evidence unless the party
whose evidence was excluded makes an offer of the evidence that was excluded. See Tex. R. Evid.
103; see also Tex. R. App. P. 33.1. The record does not contain such an offer of proof. 


Admission of administrative record

 Conly filed a motion seeking to have the district court hear her case "strictly de novo."
Specifically, she sought to prevent admission of the administrative record into the district court
record because she believed that documents within it were tainted by perjury, forgery, and
misrepresentation. She believed that the administrative referee erred by admitting paperwork the
Department submitted because the papers differed from those sent to Conly.

 We review the decision to admit evidence under an abuse of discretion standard. See
McEwen v. Wal-Mart Stores, Inc., 975 S.W.2d 25, 27 (Tex. App.--San Antonio 1998, pet. denied); 
Tracy v. Annie's Attic, Inc., 840 S.W.2d 527, 531 (Tex. App.--Tyler 1992, writ denied). A trial
court abuses its discretion only if it acts unreasonably or without reference to any guiding rules and
principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 At the trial de novo review of the Commission's decisions regarding benefit
payments, the district court must determine whether substantial evidence existed at the time of the
Commission's decision to support that decision. Collingsworth Gen. Hosp. v. Hunnicutt, 988
S.W.2d 706, 708 (Tex. 1998). Although the district court is not to decide based solely on the
administrative record, the court may consider the record if it is admitted pursuant to the rules of civil
procedure. Nuernberg v. Texas Employment Comm'n, 858 S.W.2d 364, 365 (Tex. 1993). (3)

 We cannot say that the district court abused its discretion by determining that, in order
to review the Commission's decision, it could, as part of its review, consider the evidence that was
before the Commission. Conly was free to present evidence and argument challenging the reliability
of evidence in the administrative record.


Credibility determination

 Conly contends that the court erred by finding Sanderson's affidavit credible--a
decision she describes as "the closest thing we have that might be construed as a finding of fact." 
The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Cohn v. Commission for Lawyer Discipline, 979 S.W.2d 694, 696 (Tex. App.--Houston
[14th Dist.] 1998, no pet.). We will not substitute our judgment for that of the district court merely
because we might reach a different conclusion. Id.; Westech Eng'g, Inc. v. Clearwater Constructors,
Inc., 835 S.W.2d 190, 195 (Tex. App.--Austin 1992, no writ).

 Conly argues that, although Sanderson's affidavit appears credible and coherent, he
must have problems because he has received food stamps for seven years. She also argues that his
statement to her before a client meeting that he had walked 19 miles into town shows that he is not
credible. She alleges that Sanderson wears foil hats to deter satellites from tracking his whereabouts.
Further, Conly argues that the person in her office who Sanderson alleges was aware of the sale was
actually a co-worker, not Conly. 

 Conly points to Bascom's testimony, "I'm not saying what he says is credible," as a
challenge to Sanderson's credibility. Bascom made this statement while trying to show that his
testimony did not violate the hearsay exclusion because Sanderson's statements were not being
offered for the truth of the matter asserted. See Tex. R. Evid. 801(d), 802. Although Bascom may
have had an opinion regarding Sanderson's credibility, this statement at the hearing is not an
assessment of Sanderson's credibility.

 On this record, we cannot say that the district court erred by crediting Sanderson's
affidavit.


Conflict of interest

 Conly contends that there is a conflict of interest in having the Commission review
decisions made by the Department because they are both responsible to the attorney general. She
argues that this arrangement gives the Department insider knowledge. 

 Although all three entities are in the executive branch of government, the
Commission and the Department are not responsible to the attorney general. The Commission and
the Department have both been represented in this appeal by sections of the attorney general's
office--the Commission by the taxation section and the Department by the general litigation section. 
But the Commission and the Department are executive entities whose leaders are appointed by the
governor or his appointees, while the attorney general is an executive officer elected by the voters.

 The attorney general is a constitutionally created office, one of six officers comprising
the executive department. See Tex. Const. art. IV, § 1. The attorney general is chosen in an election
by the qualified voters of Texas. See id. § 2. The attorney general represents the State and performs
all other duties required of the office. Id. § 22.

 The Department is a statutorily created entity composed of the Texas Board of Human
Services, the Commissioner of Human Services, and other officers and employees. See Tex. Hum.
Res. Code Ann. § 21.001 (West 2001). The board members are appointed by the governor. Id.
§ 21.003. The Commissioner of Human Services is "employed by the commissioner of health and
human services," id. § 21.004, who in turn is appointed by the governor. Tex. Gov't Code Ann.
§ 531.005 (West 1998). The Department is responsible for administering public assistance programs
for needy persons as defined by statute. Tex. Hum. Res. Code Ann. § 22.001. 

 The Commission is a state agency established to operate an integrated workforce
development system and to administer the unemployment compensation insurance program. See
Tex. Lab. Code Ann. § 301.001 (West 1996). It is comprised by three commissioners who are
appointed by the governor. Id. § 301.002. The labor code provides that, when the Commission's
decision is challenged, the Commission is represented by an attorney appointed by the attorney
general. Id. § 212.207 (West 1996). 

 Thus, neither the Commission nor the Department reports to the attorney general. 
The Department was represented by the attorney general's office at the administrative hearing before
the Commission. Only when Conly sought judicial review did the attorney general's office begin
representing the Commission; furthermore, the Commission was represented by a different section
of the attorney general's office than that representing the Department. We find no conflict of interest
that adversely affected Conly.


Special latitude or assistance to pro se litigants

 Conly asserts that the court should have given her more assistance and latitude
because she is not an attorney. Courts have consistently rejected any requirement that special
allowances be made for pro se litigants. See Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.--San
Antonio 1999, no pet.); Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.--Austin 1982, no writ). 
We are not persuaded that we can make an exception to that line of cases here.


Breaches of decorum by court staff

 Conly complains that, during a recess, a bailiff yelled at her and Bascom to stop
talking to each other. She asserts that this so unnerved her that she was unable to proceed
effectively.

 The record does not reflect any yelling or involvement by the bailiff. The yelling
allegedly occurred during a recess, and no mention of it was made when the hearing resumed. The
reporter's record shows that, after a recess during Bascom's testimony, the Commission's attorney
reported the conversation between Conly and Bascom as a possible violation of the rule against
discussing testimony outside the courtroom; he requested sanctions. Conly and Bascom explained
that they were discussing how to proceed with her questioning of him so as to lay a proper
foundation for certain testimony. The court denied the request for sanctions. Conly said she did not
know what to ask Bascom; after the attorneys for the Commission and the Department declined to
cross-examine Bascom, the court told him to step down. Bascom replied that he had not heard Conly
rest her case yet. Conly then asked the court if she could make a closing statement. Bascom
interjected, "No. You don't know what to do and they're going to bully you around." Conly offered
to read the Commission's opinion denying her benefits, but the Commission offered the certified
copy of the opinion as part of the administrative record, which the court admitted. Conly then
proceeded to read the opinion while inserting her arguments against its findings and conclusions.

 The record reflects no reversible error. We cannot reverse for an alleged breach of
decorum that is not shown in the record. See Tex. R. App. P. 33.1(a). Nor is the Commission's
report of the incident and request for sanctions a valid basis for reversal. There is no showing on the
record that the Commission's attorney acted inappropriately in reporting the conversation; moreover,
the court overruled the request for sanctions. Even if events unsettled Conly, she did not request
additional time to collect herself. Although she did not continue questioning Bascom, she did go
through the Commission's opinion and discuss her disagreements with it. The record reflects no
failure by the court to grant any requested relief.


CONCLUSION


 We resolve all issues presented here in favor of the judgment. Because Conly has
failed to show that the judgment is not supported by substantial evidence, we affirm the district
court's judgment affirming the Commission's denial of benefits.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: August 14, 2003
1. Appellant filed suit as Loretta Conly. She signed the notice of appeal as Loretta Conly
Bascom. To avoid confusion, we will refer to her as "Conly" in this opinion.
2. This witness's last name is spelled "Gerra" in the reporter's record, but is spelled "Guerra"
in other parts of the record.
3. In Neurnberg, the court held that a copy of the administrative record attached to a motion
for summary judgment was not competent evidence. See Neurnberg v. Texas Employment Comm'n,
858 S.W.2d 364, 365 (Tex. 1993). Here, although the record was offered as a single exhibit rather
than individual documents, it was admitted at trial, subject to the rules of evidence, without
objection. We conclude that, under these circumstances, it is competent evidence.