**James Hoyt RECTOR, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

**No. 8397.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 7, 1980.

Rehearing Denied Feb. 28, 1980.

Clint W. Lewis, Beaumont, for appellant.

A. W. Davis, Jr., Newton, for appellee.

CLAYTON, Justice.

Appellant, James Hoyt Rector, appeals from a judgment denying his application for a Beer Retailer's Off-Premise License. The county judge denied the application, and this denial was affirmed by the trial court upon Rector's appeal from the county judge's order.

Appellant's first three points of error complain of actions of the county judge in the hearing before him, and that also there was "no evidence to support the denial of the permit received at the county court hearing." These two points are directed solely to the proceedings and the evidence introduced at the hearing before the county judge. This appeal is governed by the substantial evidence rule. *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (1949); *Dienst v. Texas Alcoholic Beverage Commission*, 536 S.W.2d 667, 668–9 (Tex.Civ. App.—Corpus Christi 1976, no writ). The evidence actually introduced in the proceeding before the county judge is not controlling on the appeal to the district court. It is the evidence introduced in the trial court that is determinative of the matter on appeal. *Dienst v. Texas Alcoholic Beverage Commission*, supra. These points of error are overruled.

Appellant's sixth point of error complains that the district court's order affirming the county judge's denial of the application was not supported by substantial evidence. The county judge may, and obviously did, base his denial of the application pursuant to the provisions of the Alcoholic Beverage Code, *Tex.Alcoholic Bev.Code Ann. § 61.42(3)* (Vernon 1978), which states:

" . . . the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people . . ."

The evidence shows that the business for which the license is sought is located in the Holley Springs community which lies in both Newton County and Jasper County. The location sought to be licensed is just east of a hill and curve that restricts the visibility of the drivers in the area on both the Jamestown road and U.S. Highway 190 to a point likely to result in jeopardy to the safety of the general public, and, as a driver comes over the hill traveling east on Highway 190, he will be "right upon" the driveway to the premises. The highway from Jasper to the Jasper-Newton County line on Highway 190 is narrow, and traffic in the area of the business location is heavy with a number of large trucks traveling over such highway. There is testimony to the effect that to grant a license to sell beer would cause an increase in traffic along Highway 190 to and from the city of Jasper which is a "dry area," and, since there are two intersecting county roads coming into Highway 190 at the top of the hill to the west of appellant's location, a dangerous traffic hazard would exist. Testimony further shows there are homes located along the Jamestown road, and children play in the road because there are so few cars traveling the road at this time. All such evidence shows a physical danger arising from the location of the business with reference to the roadway.

It is further shown that appellant's "store" location is behind trees and bushes and cannot be seen nor can its driveways be seen by people traveling Highway 190 until they are "almost upon it."

From our review of the evidence adduced upon the trial, it is clear that substantial evidence was introduced which supported the trial court's judgment that to grant the permit would likely result in jeopardy to the safety of the general public. This point is overruled.

All other points urged by appellant are without merit and are overruled.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.