James Hoyt RECTOR, Petitioner,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Respondent.

No. B–9319.

Supreme Court of Texas.

May 21, 1980.

Rehearing Denied June 25, 1980.

Long & Lewis, Clint W. Lewis, Beaumont, for petitioner.

A. W. Davis, Jr., Newton, for respondent.

PER CURIAM.

Petitioner, James Hoyt Rector, sought a Wine and Beer Retailers Off-Premise License for his proposed convenience store in Newton County. The County Judge of Newton County denied the application and this denial was affirmed by the District Court upon Rector's appeal. The court of civil appeals affirmed. 598 S.W.2d 888.

Petitioner's first three points of error in the court of civil appeals which are the thrust of his application for writ of error are that he was denied due process because of the manner that the administrative hearing before the County Judge was conducted. His primary complaints are that witnesses were not sworn and that he was denied the right of cross-examination. The court of civil appeals did not find it necessary to consider Rector's due process points of error because it found that substantial evidence was introduced in the district court to support the denial by the County Judge.

A similar contention was rejected by this Court in *Lewis v. Metropolitan S. & L. Ass'n*, 550 S.W.2d 11 (Tex.1977), wherein we said:

> We granted writ of error to resolve the question of whether an approval order of the Savings and Loan Commission is invalid for arbitrariness when the contesting parties are denied due process of law in the conduct of the administrative hearing, notwithstanding that under the record as made, the order may be said to have reasonable factual support under the precepts of the substantial evidence rule. We now answer this question in the affirmative.

The court of civil appeals' affirmance of the administrative order was reversed and remanded to the Savings and Loan Commissioner for further proceedings.

In *Richardson v. City of Pasadena*, 513 S.W.2d 1 (Tex.1974) we said:

> The right to cross examine adverse witnesses and to examine and rebut all evidence is not confined to court trials, but applies also to administrative hearings.

This holding has been codified as a part of the Administrative Procedure and Texas Register Act (Tex.Rev.Civ.Stat.Ann. art. 6252–13a), in that Section 14(p) provides:

> In contested cases, a party may conduct cross-examinations required for a full and true disclosure of the facts.

The record of the hearing before the County Judge clearly shows that the application of Rector was denied without due process because he was denied these basic and traditional tools for searching out the truth.

Accordingly, the application for writ of error is granted and, without hearing oral argument, we reverse the judgments of the courts below and remand the cause to the County Court of Newton County for a new hearing of petitioner's application for a license.[1]  Rule 483, Tex.R.Civ.Pro.

---

1. This hearing should be conducted pursuant to the provisions of the Administrative Procedure and Texas Register Act.  *See Imperial American Resources Fund, Inc. v. Railroad Commission of Texas*, 557 S.W.2d 280 (Tex.1977).