County Judge Jon **LINDSAY**, et al., Petitioner,

v.

Dorothy K. **STERLING** d/b/a "Kays Mink Garter," Respondent.

No. C–3833.

Supreme Court of Texas.

May 22, 1985.

Mike Driscoll, Co. Atty., David H. Melasky, Asst. Co. Atty., Houston, for petitioner.

Percely, Shelsy and Associates, Marshall A. Shelsy, Houston, for respondent.

SPEARS, Justice.

This appeal results from the decision by the county judge to deny the renewal of Dorothy Sterling's wine and beer retailer's license. Sterling appealed to the district court which reversed the county judge's denial. The court of appeals reversed the decision of the district court and remanded the case to that court for a judicial review in accordance with the Administrative Procedure and Texas Register Act, Tex.Rev. Civ.Stat.Ann. art. 6252–13a (Vernon Supp. 1985). 681 S.W.2d 708. We reverse the judgment of the court of appeals and render judgment that the jurisdiction of the district court was not invoked to review the county judge's decision. Thus, the county judge's denial remains effective.

The major issue to be decided is whether in reviewing an application for a wine and beer license the provisions of the Administrative Procedure and Texas Register Act (APTRA) are applicable to the proceedings before the county judge and to the judicial

review of the county judge's denial of the application. Under Tex.Alco.Bev.Code Ann. §§ 61.31–.32 (Vernon 1978), a county judge is authorized to hold a hearing on the application and enter an order stating whether the application should be granted. If the county judge denies the application, appeal may be taken to the district court under Tex.Alco.Bev.Code Ann. § 61.34 (Vernon 1978). Prior to the enactment of APTRA and the Alcoholic Beverage Code, review of a denial by the county judge in district court consisted of allowing the district court to hear evidence to determine if substantial evidence existed to support the county judge's denial. *See Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198, 202–03 (1949). This has been referred to as a "substantial evidence trial de novo." Under the provisions of APTRA, this method of reviewing agency decisions has been eliminated, and substantial evidence reviews are conducted by the district court by reviewing only the evidence introduced at the agency hearing. Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 19.

Some confusion now exists as to which procedure should be used to review a county judge's denial of a wine and beer license because of the question whether the provisions of APTRA should apply. In this case, the district court used the "substantial evidence trial de novo" method of review and found there was not substantial evidence to support the denial of Sterling's beer and wine license. The court of appeals reversed the district court, holding that the review should have been limited to the evidence introduced before the county judge, in accordance with APTRA, and remanded the case to the district court.

In *Rector v. Texas Alcoholic Beverage Comm'n,* 599 S.W.2d 800, 801 n. 1 (Tex. 1980), this court remanded a cause involving a similar application for a beer and wine retailer's permit to the county judge with the instruction that the provisions of APTRA be followed. Nevertheless, the petitioners' primary argument to this court is that the provisions of APTRA should not apply to the county judge because APTRA only applies to officials with statewide jur-

isdiction, and a county judge does not have statewide jurisdiction. Furthermore, the petitioners argue that the statutory scheme which existed prior to APTRA and the enactment of the Alcoholic Beverage Code has essentially remained the same after the enactment of these laws, thus evidencing a legislative intent not to change the scheme. Consistent with our earlier statement in *Rector,* however, we reaffirm that APTRA is applicable to the proceedings before the county judge.

In reviewing an application for a beer and wine license, the county judge is acting in an administrative, rather than a judicial, capacity. *State v. Bush,* 151 Tex. 606, 253 S.W.2d 269, 272 (1952). Although section 3 of APTRA defines "agency" as any state board, commission, department, or officer having statewide jurisdiction, the county judge is actually acting as part of the review process of the Texas Alcoholic Beverage Commission, a statewide agency. An appeal from the county judge's denial of an application is controlled by sections 61.34 and 11.67 of the Alcoholic Beverage Code, and section 11.67(b) provides that this appeal shall be against the Texas Alcoholic Beverage Commission alone as defendant. This indicates the legislative awareness that a denial by the county judge constitutes a denial by the commission. Section 18(a) of APTRA states that "[w]hen the grant, denial, or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of this Act concerning contested cases apply." Because the county judge's decision constitutes a denial of a license issued under the Texas Alcoholic Beverage Commission, the hearing of the county judge and the judicial review of that hearing are subject to the provisions of APTRA.

Another indication of the legislative intent that the provisions of APTRA be applicable to judicial review of denials by the county judge is that sections 61.34 and 11.67 of the Alcoholic Beverage Code were amended to be consistent with the provisions in APTRA. The former law, article

667–6(e) of the 1925 Texas Penal Code, stated that: "[i]n the event the county judge, Texas Liquor Control Board or Administrator denied the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the district court of the county where such application is made...."[1] The language in the 1925 Penal Code providing for an appeal within thirty days from the date of the decision has been changed in sections 61.34 and 11.67 of the Alcoholic Beverage Code to require appeal within thirty days from the date the order becomes "final and appealable." The revisor's notes beneath these sections reveal that these changes were made to conform with APTRA. These revisor's notes were part of the Alcoholic Beverage Code submitted to the Texas Legislature by the Legislative Council and, although not enacted, these notes provide evidence of legislative intent. Furthermore, the words "final and appealable" are not defined by the Alcoholic Beverage Code itself, and unless APTRA is applicable, these words have no clear meaning because the provision that the appeal should be taken within thirty days from the date of decision has been repealed by the Legislature.

■ The court of appeals, primarily following our decision in *Rector*, correctly concluded that the county judge's hearing was subject to the provisions of APTRA; however, the court of appeals erroneously held that there was a conflict between the appellate timetable provided in the Alcoholic Beverage Code and APTRA. APTRA provides that a motion for rehearing of the agency's decision (in this case the county judge's decision) is overruled by operation of law forty-five days after the date of rendition of the final decision or order. Sections 61.34 and 11.67 of the Alcoholic Beverage Code provide that an applicant may appeal within thirty days after the decision becomes final and appealable.

The court of appeals erroneously concluded that the provisions were in conflict because while waiting for the forty-five days to expire on the motion for rehearing, the thirty-day period for appeal to the district court would elapse. Section 16c of APTRA, however, indicates that a decision is not final and appealable until the motion for rehearing is overruled either expressly or by operation of law. Therefore, the thirty-day period for appealing to the district court does not begin to run until after the motion for rehearing has been overruled.

■ This leads us to petitioners' second major point—that even if APTRA is applicable, Ms. Sterling has failed to invoke the appellate jurisdiction of the district court by failing to meet the prerequisite of having a motion for rehearing overruled at the agency level. Here, although Ms. Sterling filed a motion for rehearing, she appealed to the district court before the motion for rehearing was overruled. The court of appeals noted that this argument was not mentioned prior to petitioners' motion for rehearing to the court of appeals. The court of appeals stated that the delay constituted a virtual estoppel against the Texas Alcoholic Beverage Commission and County Judge Jon Lindsay to complain of the premature filing in the district court, and that the premature filing was only a "procedural irregularity that does not affect the substantive rights of the parties." 681 S.W.2d at 713. We disagree. Under section 16 of APTRA, the legislature has stated that the motion for rehearing must be overruled in order for the agency order to be appealable, and section 19(a) provides that "[a] person who has exhausted all administrative remedies" is entitled to judicial review. The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties. *See, e.g., Butler v.*

---

1. Act of May 14, 1943, ch. 325, § 20, 1943 Tex. Gen. Laws 509, 532, *repealed by* Act of May 20, 1977, ch. 194, § 2, 1977 Tex.Gen. Laws 391, 557.

*State Bd. of Educ.*, 581 S.W.2d 751, 754–55 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Texas Alcoholic Beverage Comm'n v. Lancaster*, 563 S.W.2d 380, 381 (Tex.Civ.App.—San Antonio 1978, no writ); *Texas State Bd. of Pharmacy v. Kittman*, 550 S.W.2d 104, 107 (Tex.Civ.App.—Tyler 1977, no writ). Therefore, we hold that the jurisdiction of the district court was not invoked to review the county judge's decision, and that the county judge's denial remains effective.

Accordingly, the judgments of the court of appeals and the district court are reversed, the cause is dismissed, and the order of the county judge is final.