Shirley Lee SIERRA, d/b/a
Amigo's, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.

No. 09–87–252–CV.

Court of Appeals of Texas,
Beaumont.

Jan. 12, 1989.

Rehearing Denied Feb. 1, 1989.

Bruce Neill Smith, Thomas A. Ukinski, Beaumont, for appellant.

W. Reed Lockhoof, Austin, for appellee.

OPINION

BURGESS, Justice.

Appellant applied for a wine and beer retailer's permit from the Texas Alcoholic Beverage Commission (the Commission). Her application was denied by the county court acting as administrative officer of the Commission. Appeal was taken to the district court, which found the order to be reasonably supported by substantial evidence and affirmed it.

■ Appellee raises by its first "reply point"[1] the argument that appellant failed to invoke the district court's appellate jurisdiction because appellant did not comply with section 11.67(c) of the Texas Alcoholic Beverage Code (the Code). Appeal from denial of application under the Code is governed by *TEX.ALCO.BEV.CODE ANN. sec. 11.67* (Vernon Supp.1989) which provides in relevant part:

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable;

(2) the case shall be tried before a judge within 10 days from the date it is filed;

1. Appellee's "reply point" is more properly denominated a "cross-point" since it complains of an action of the trial court which constitutes error as to the Commission. No independent appeal, however, need have been perfected by appellee to raise the point. *Hernandez v. City of Fort Worth,* 617 S.W.2d 923, 924 (Tex.1981).

(3) neither party is entitled to a jury; and

(4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal.

(c) A local official, on record as protesting the issuance or renewal of a permit or license at a hearing provided by this code, is entitled to notice of the appeal. If other persons are on record as protesting the issuance or renewal of a permit or license at a hearing provided by this code, the first three persons to be on record are entitled to notice of the appeal. The appellant is responsible for causing the notice to be given. The notice shall be given by sending, on or before the third day after the date on which the appeal is filed, a copy of the petition by registered or certified mail to the persons entitled to receive the notice.

See TEX.ALCO.BEV.CODE ANN. sec. 61.-34 (Vernon 1979); Lindsay v. Sterling, 690 S.W.2d 560, 562 (Tex.1985). Such appeals are also governed by the Administrative Procedure and Texas Register Act (APTRA), TEX.REV.CIV.STAT.ANN. art. 6252—13a secs. 19 & 20 (Vernon Supp. 1988). Lindsay, 690 S.W.2d at 562.

Appellee cites several cases for the proposition that section 11.67(b)(1) and section 16(e) and 19(a) of the APTRA are jurisdictional. Texas Alcoholic Beverage Comm'n v. Wilson, 573 S.W.2d 832, 835 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.); TEX.REV.CIV.STAT.ANN. art. 6252—13a, secs. 16(c) & (e) and 19(a) (Vernon Supp.1988); TEX.ALCO.BEV.CODE ANN. sec. 11.67(b)(1) (Vernon Supp.1989).

Appellee cites no authority that subsection (c) of 11.67 is jurisdictional, i.e., that notice to a protestant is necessary to perfect appeal to a district court. In addition, if subsection (c) were construed as jurisdictional, it would conflict with the plain meaning of subsection (b). Subsection (c) requires notification on or before the third day after petition is filed, whereas subsection (b) requires the appeal to be "perfected and filed within 30 days after the date the order ... becomes final and appealable." Thus, under subsection (b), an appeal would be perfected upon filing of the petition, but under subsection (c), it would be perfected up to three days after filing the petition. Thus, assuming arguendo that appellant failed to notify the protestant in this case of her appeal to the district court, the district court was not deprived of subject-matter jurisdiction as appellee argues. Appellee's first "reply point" is thus overruled.

■ Appellant asserts in her first point of error that the court below erred in affirming the county court's order by misapplying the "substantial evidence rule" to appellant's application. The substantial evidence rule states that a finding of an administrative agency must be sustained by a reviewing court unless the court finds, as a matter of law, that the agency's decision was not supported by substantial evidence. Lewis v. Metro. Sav. & Loan Ass'n, 550 S.W.2d 11, 13 (Tex.1977); Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202 (1949). The evidence may be substantial yet preponderate the other way. Lewis, 550 S.W. 2d at 13.

The parties stipulated appellant was a qualified applicant in that she had complied with all regulations promulgated by the Commission governing issuance of licenses and that the Commission had no objection to granting her a permit. Rather, appellant's application was opposed by a local citizen and, primarily, members of her church. Appellant's application was denied on grounds that "the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people." TEX. ALCO.BEV.CODE.ANN. sec. 61.42(a)(3) (Vernon Supp.1989). The evidence produced at the hearing focused on the appropriateness of the location at which appellant has chosen to open a Mexican food restau-

rant in which she also wishes to sell beer and wine for on-premises consumption. The county judge denied the application solely on the ground that the proposed site was located on a dangerous curve in the road. Interestingly, in making his ruling, the county judge stated that the "problem" upon which he based his denial was not apparent in the evidence adduced at the hearing, and we agree.

Appellee relies in large part on *Helms v. Texas Alcoholic Beverage Comm'n,* 700 S.W.2d 607 (Tex.App.—Corpus Christi 1985, no writ) and *Rector v. Texas Alcoholic Beverage Comm'n,* 598 S.W.2d 888, 889 (Tex.Civ.App.—Beaumont), *rev'd on other grounds,* 599 S.W.2d 800 (Tex.1980). The fact of these cases, however, are distinguishable from the facts in this case. Appellee presents *Rector* as authority that denial of an application can be justified by proximity of an establishment to a curve in the road. However, there existed other physical factors justifying the denial in *Rector:* (1) restricted visibility of drivers on both crossroads, (2) the proposed establishment would have caused increased traffic from a neighboring "dry" area, (3) the large number of homes in the vicinity and children playing along the road, (4) the fact that both the store and its driveway were hidden by trees and bushes. None of these factors is present in this case. In addition, the curve in *Rector* was a curve with a hill; the curve in this case is flat.

The court below erred in holding the Commission's denial was supported by substantial evidence. Appellant's point of error one is sustained. We need not reach appellant's second point of error since it is unnecessary to the disposition of the appeal. *TEX.R.APP.P. 90(a).* The judgment below is reversed.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

The public policy of the *TEX.ALCO. BEV.CODE ANN. sec. 1.03* (Vernon 1978) is mandatorily declared as follows:

"This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state. It shall be liberally construed to accomplish this purpose."

*TEX.ALCO.BEV.CODE ANN. sec. 11.67* (Vernon Supp.1988) provides that when an appeal is taken, as here, section 11.67 shall be construed literally. Section 11.67(c) provides dogmatically that a local official is entitled to a *notice of appeal* and by the same subsection certain other persons are entitled to a notice of appeal. These other persons are those who are on record as protesting the issuance or renewal of a permit or a license.

The Appellant, Sierra, is strictly and literally responsible *for the notice to be given* and *the notice shall be given to the persons entitled to the same* by sending on or before the third day after the date on which the appeal was filed a copy of the petition either by registered or certified mail. Appellant failed to give proper notice. The Code provides that this notice and the giving thereof and the time of the giving thereof are to be construed literally and these provisions have long been established as being mandatory and must be complied with strictly in accordance with the statute as a prerequisite for a judicial review.

*TEX.ALCO.BEV.CODE ANN. sec. 61.34* (Vernon 1978) specifically and mandatorily provides that an appeal from a denial of an application is "governed by Section 11.67 of this code, and the court may hear the appeal in term-time or vacation." This case involves an appeal to the district court from the denial of an on premises permit for beer and wine by the county court. Hence, the same is governed by the Texas Alcoholic Beverage Code and Article 6252–13a of APTRA. *TEX.REV.CIV.STAT. ANN. art. 6252–13a, sec. 2* (Vernon Supp. 1988) is known and cited as Administrative Procedure and Texas Register Act.

A county judge is acting in an administrative rather than a judicial capacity while

reviewing and considering an application for a wine and beer license. *State v. Bush*, 151 Tex. 606, 253 S.W.2d 269 (1952). The taking of an appeal from a county judge's denial of such an application is definitely controlled by Sections 61.34 and 11.67 of the Texas Alcoholic Beverage Code, and Section 11.67(b) provides that this type of an appeal shall be against the Texas Alcoholic Beverage Commission. A county judge is acting actually as part and parcel of the review process of the Texas Alcoholic Beverage Commission which is a state wide agency and the procedural steps to the hearing before the county judge and the review after the hearing before the county judge are governed by the provisions of the APTRA. *Lindsay v. Sterling*, 690 S.W.2d 560 (Tex.1985).

Decisional precedents have long established the law in Texas that statutory provisions regulating an appeal from an order of an administrative agency are conclusive and exclusive and must be complied with stringently in all respects as a necessary, mandatory prerequisite for judicial review. *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (Tex.1926); *Butler v. State Board of Education*, 581 S.W.2d 751 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.). This type of appeal is solely the creature of statute and appeals under the relevant subsection of section 11.67 of the Code are literally construed and compliance with these subdivisions or subsections of section 11.67 are jurisdictional in nature. *Cook v. Spears*, 524 S.W.2d 290 (Tex.1975); *McBeth v. Riverside Inn Corp.*, 593 S.W.2d 734 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

The burden is upon the Appellant-applicant to show that she complied assiduously.

In *Lindsay, supra,* the court reasoned that Ms. Sterling had failed to invoke the appellate jurisdiction of the district court by failing to meet the prerequisites of both filing a motion for rehearing and *having the motion for rehearing overruled.* The Supreme Court wrote, without a dissent, speaking through Justice Spears:

"The court of appeals stated that the delay constituted a virtual estoppel against the Texas Alcoholic Beverage Commission and County Judge Jon Lindsay to complain of the premature filing in the district court, and that the premature filing was only a 'procedural irregularity that does not affect the substantive rights of the parties.' 681 S.W.2d at 713. We disagree."

The Supreme Court deemed that the procedural steps were necessary to confer jurisdiction on the district court. The Appellant admitted that the prerequisites and requirements of Section 11.67 had simply not been adhered to; nor did the Appellant give proper notice timely after the date on which the appeal was filed. She failed to send the proper copies of the petition by registered or certified mail to the persons entitled to receive the notice. She simply and fatally failed to properly perfect her appeal.

The protestants called to the stand six witnesses. The first witness testified to the dangerous condition from the standpoint of traffic safety. The traffic was very heavy at the location in question. He also testified as *to the heavy vehicular traffic at the curve near Amigo's.* He specifically stated that the customers from Amigo's simply could not see a driver of a vehicle pass the curve in question. This first witness further unequivocally swore that because of the placement and size of Amigo's parking space *and the fact that a driver would have to back out into the highway* would create a situation of risk and situation different and more dangerous from any other business establishments in the general area. Appellant attempted to discredit this witness by cross-examination without success. He testified that he had seen people backing out onto the highway and that he had actually seen the Appellant backing out as well as her husband backing out into the highway. In sum, this witness' testimony was that not only a person who had been drinking in Amigo's but any motorist exiting on to Highway 105 could and would pose a danger. The situation was not safe.

Another witness testified to the very heavy traffic at the curve in question on Highway 105 and noticed between the hours of 2:45 p.m. and 4:45 p.m. that school buses drove past and negotiated this same curve. This witness testified that some of the motorists were obeying the traffic laws as to speed and others were disobeying and violating the speed-limit laws. This witness further testified that the situation at Amigo's from the standpoint of traffic would create definite danger. This witness in capsule form testified that the curve involved and the surrounding situation did actually create a serious traffic hazard.

Another witness testified that the situation at the curve in question was dangerous and that there were always a lot of children going along that section of the road on bicycles and by other means of transportation.

The remaining witnesses testified generally to the dangerous conditions. The evidence of these several, serious witnesses clearly placed before the county judge strong, substantial evidence and testimony to fully support his ruling. At least two witnesses testified that drinking at the establishment on the curve on Highway 105 would create a hazardous situation and would pose a threat to traffic safety. One witness in capsule form testified that to mix the dangerous curve with alcoholic consumption would make the dangerous curve even more dangerous. The testimony of the protestants' witnesses was cogent, compelling, and convincing.

The locations and the surroundings of a proposed retail beer and wine establishment and the number of such other licensed establishments in the vicinity or community are proper considerations and can correctly be the basis for the refusal of a license. *Helms v. Texas Alcoholic Beverage Commission*, 700 S.W.2d 607 (Tex. App.—Corpus Christi 1985, no writ); *Elliot v. Dawson*, 473 S.W.2d 668 (Tex.Civ.App.— Houston [1st Dist.] 1971, no writ). A heavily travelled street or highway is also a proper consideration. *Helms, supra.*

Both parties admit that the substantial evidence rule paramountly governs the case sub judice. The substantial evidence rule is that the ruling or decision of the administrative agency or a county judge acting in an administrative capacity will be sustained and affirmed by the district trial court as well as the appellate court if the finding or ruling is reasonably supported by any substantial evidence and the evidence can be and in many cases is substantial and yet, the evidence may preponderate the other way. *Lewis v. Metropolitan Savings & Loan Association*, 550 S.W.2d 11 (Tex. 1977). After all the evidence is considered, the issue is not whether the agency or in this case, the county judge acting in an administrative capacity, came to the proper fact conclusion on the basis of the entirety of the record received—although there may have been conflicts in the evidence—but whether or not the agency or county judge acted arbitrarily. See *Trapp v. Shell Oil Company*, 145 Tex. 323, 198 S.W.2d 424 (Tex.1946). The Orange County Judge James Stringer did not act arbitrarily. He acted properly and prudently in view of the entire case before him.

The district trial court nor this appellate court is to substitute its discretion for that of the county judge. If the entirety of the evidence was such that reasonable minds could not have reached the conclusion that the administrative court (here being the county judge), then the order is to be set aside; otherwise, the order must be sustained. Here it is clear that reasonable minds would quickly and logically support County Judge Stringer's conclusion and actions and certainly the evidence before him was not such that reasonable minds could not have reached Judge Stringer's conclusion. In fact, under this entire record, reasonable minds could decide that the evidence actually preponderated weightily in favor of County Judge Stringer's conclusion. *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (Tex.1949); *Trapp v. Shell Oil Co., supra; Gerst v. Goldsbury*, 434 S.W. 2d 665 (Tex.1968).

Under this record it is clear that one of the main substantial evidentiary issues was

founded on the location of the proposed licensed premises considering the curve involved. The look-out available to motorists, either exiting Amigo's or travelling Highway 105 (as well as several other nearby licensed premises), was poor, extremely limited and restricted at that particular site. These issues were of paramount importance and were to be decided by the county judge. He reached a correct conclusion under the substantial evidence rule and it is clear that he possessed a reasonable mind and used it reasonably when he reached this conclusion.

Hence, if the evidence taken and considered as a whole is such that reasonable minds could not have reached the conclusion that the county judge after a careful and in-depth trial reached; then, but only then, must his conclusion and order be set aside. I cannot say or even approach saying that reasonable minds could not have reached the conclusion that the county judge reached.

The majority opinion eviscerates the substantial evidence rule.

Also without exception or objection from any party, considering this whole record, it is unique to observe that the county judge had actually driven out to the scene of Amigo's and inspected it. He specifically found and specifically stated that the curve involved *is an extraordinarily dangerous situation, very dangerous.* Those are his words. In fact, the county judge felt so strongly about it that he said:

> *"I do not want to sign my name to someone's death certificate. I've been involved in that during my ten years as Judge, and I don't want to be involved in that anymore."* (Emphasis added)

The majority's opinion ignores the record herein and violates a cardinal rule or concept of administrative law. This paramount rule is that administrators develop some special abilities and expertise in dealing with their official duties and functions. Judge Stringer, obviously, had obtained important, crucial experience in this type of proceeding. I would vote to affirm County Judge Stringer and the District Judge.