# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00547-CV

Desi Driving School and Anil Agrawal, Appellants

v.

Texas Education Agency, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. D-1-GN-11-001569, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Desi Driving School appeals the trial court's order granting the Texas Education Agency's plea to the jurisdiction.[1] Because Desi failed to exhaust its administrative remedies before filing its suit for judicial review, we affirm the trial court's order.

## BACKGROUND

After conducting an investigation, TEA sought to revoke Desi's driver-education school license. *See* Tex. Educ. Code § 1001.454 (revocation of or placement of conditions on school or course provider license). A hearing was held before the State Office of Administrative Hearings (SOAH), after which the administrative law judge issued a proposal for decision concluding that Desi had violated various statutes and rules and recommending that Desi's license be revoked.

---

[1] Although Anil Agrawal appears as an appellant in the style of this case, TEA ruled in his favor. Although he was nominally listed as a petitioner in the trial court, he sought no relief there, and he seeks no relief from this Court.

TEA then issued a final order adopting the administrative law judge's findings and revoking Desi's license. TEA mailed its April 12 order to Desi on April 14, 2011.

Desi filed a motion for rehearing with SOAH, which SOAH received on May 9, 2011. TEA received a copy of the amended motion for rehearing on May 10, 2011. Desi filed its petition for judicial review on May 25, 2011, before TEA acted on its motion for rehearing and before the motion for rehearing would have been overruled by operation of law. Tex. Gov't Code § 2001.146(c) (providing that agency has 45 days from date affected party receives notice of ruling in which to act on motion for rehearing or it is overruled by operation of law).[2]

TEA filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction for two independent reasons: (1) Desi prematurely filed its suit for judicial review before TEA ruled on its motion for rehearing and (2) Desi filed its motion for rehearing with SOAH rather than with the Commissioner of TEA. The trial court granted TEA's plea to the jurisdiction without specifying the grounds for its decision. This appeal followed.

## DISCUSSION

In one issue, Desi argues that the trial court had jurisdiction over its suit for judicial review and therefore erred in granting TEA's plea to the jurisdiction. Because Desi failed to exhaust its administrative remedies before filing its petition for judicial review, we disagree.

There is no dispute that the Texas Administrative Procedure Act's (APA) contested-case and judicial-review procedures apply to the license revocation proceedings brought against Desi

---

[2] Desi's motion for rehearing was ultimately overruled by operation of law, but after Desi filed suit in district court. *See* Tex. Gov't Code § 2001.146(c).

in this case. Tex. Gov't Code § 2001.054(a); *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566-67 (Tex. App.—Austin 2008, pet. denied) ("Unless otherwise provided, the APA's contested-case and judicial-review procedures apply to agency-governed proceedings."); *see* Tex. Educ. Code §§ 1001.459-.060 (right to hearing), 1001.461 (right to judicial review under substantial-evidence standard). To seek judicial review in a contested administrative case governed by the APA, a party must be "aggrieved by a final decision" and must have "exhausted all administrative remedies available." Tex. Gov't Code § 2001.171. When a motion for rehearing is timely filed, an agency's decision is not final until the date the motion for rehearing is overruled, either by order or by operation of law. *Id.* § 2001.144(a)(2)(A); *see also id.* § 2001.145(b) (decision that becomes final upon expiration of time for rehearing when no motion for rehearing is filed is not appealable). This Court has previously held that filing a motion for rehearing and waiting for a final decision on the motion are jurisdictional prerequisites to seeking judicial review in a purely administrative case, like this one. *Marble Falls Indep. Sch. Dist.*, 275 S.W.3d at 566-67 (citing *Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985) (holding that petition for judicial review filed in trial court before agency ruled on motion for rehearing did not invoke trial court's jurisdiction)).

Desi filed its petition for judicial review before the Commissioner of Education ruled on its motion for rehearing and before the motion was overruled by operation of law. In doing so, it failed to satisfy a jurisdictional prerequisite to seeking judicial review of the agency's decision. *See id.*; *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993) (subject-matter jurisdiction determined at time suit is filed in trial court). On appeal, Desi does not contest its premature filing in the trial court; instead, Desi focuses on the sufficiency of the

allegations made in its motion for rehearing. Desi misses the point. By filing its petition for review in the trial court before any action was taken on its motion for rehearing, i.e., before TEA's decision was final, Desi failed to exhaust its administrative remedies, regardless of whether the content of its motion for rehearing was sufficient. As a result, the trial court lacked jurisdiction over Desi's suit for judicial review and properly granted TEA's plea to the jurisdiction. We overrule Desi's issue.

## CONCLUSION

Having overruled Desi's sole issue on appeal, we affirm the trial court's order granting TEA's plea to the jurisdiction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: March 14, 2014