# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

## NO. 03-18-00049-CV

=====

End Op, L.P. and Lost Pines Groundwater
Conservation District, Appellants

v.

Andrew Meyer, Bette Brown, Darwyn Hanna, and
Environmental Stewardship, Appellees

=====

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 29,696, HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING**

=====

## M E M O R A N D U M   O P I N I O N

=====

This is a dispute over whether the appellees have standing to contest certain groundwater permit applications. Appellants are Lost Pines Groundwater Conservation District and End Op, L.P., an investment group that filed an application in 2007 for operating and transport permits. Appellees are an environmental non-profit organization and a group of landowners (collectively, the Landowners) that sought to participate in the contested case regarding the permit application, which was already proceeding at the State Office of Administrative Proceedings (SOAH) by agreement between the District and SOAH. On SOAH's recommendation, the District denied the Landowners' request for party status, allowing only one entity—one of End Op's competitors—to contest the application. The District ultimately granted End Op's application in 2016 after adopting the proposal for decision rendered by SOAH's administrative law judge.

The Landowners sued the District in Bastrop County, filing three petitions for judicial review of the District's order denying party status and its final order granting End Op's permit application. End Op intervened shortly thereafter, filing a counterclaim that was later dismissed for want of jurisdiction. After consolidating the Landowners' three actions, the district court ultimately reversed the District's disputed orders and rendered judgment ordering the District to withdraw End Op's permits and allow the Landowners to participate as parties to a new contested case on the permit application. The District and End Op perfected timely appeal.

The parties have briefed this Court primarily on standing and the standard of review the district court should have applied to the District's order regarding party status. We find it unnecessary to reach these arguments, as the predicate question of jurisdiction is dispositive of this appeal.

"The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Austin & N.W.R. Co. v. Cluck*, 77 S.W. 403, 405 (Tex. 1903)). Where the jurisdictional facts are undisputed, as is the case here, we review de novo a district court's jurisdiction over the subject matter of a dispute. *See id.* If we find an absence of jurisdiction due to a curable pleading defect, we will remand to afford the plaintiff an opportunity to replead. *Id.* at 226–27. If, however, the pleadings affirmatively negate the existence of jurisdiction, the plaintiff need not be afforded an opportunity to amend. *Id.*

2

"Like other governmental entities, groundwater districts have governmental immunity unless the Legislature has waived the district's right to governmental immunity." *Lone Star Groundwater Conservation Dist. v. City of Conroe*, 515 S.W.3d 406, 412 (Tex. App.—Beaumont 2017, no pet.) (citing *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 835–36 (Tex. 2010)). "Unlike immunity from liability, immunity from suit deprives the courts of jurisdiction and thus completely bars the plaintiff's claim." *Lubbock Cty. Water Control & Imp. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003)). With respect to groundwater districts, the Legislature has provided a limited waiver of this immunity:

> (a) A person, firm, corporation, or association of persons affected by and dissatisfied with any rule or order made by a district, including an appeal of a decision on a permit application, is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order.

> (b) Only the district, the applicant, and parties to a contested case hearing may participate in an appeal of a decision on the application that was the subject of that contested case hearing. An appeal of a decision on a permit application must include the applicant as a necessary party.

> (c) The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may only be filed after all administrative appeals to the district are final.

Tex. Water Code § 36.251. Subsection (b) was added by the 84th Legislature, and applies to suits filed on or after June 10, 2015. *See* Act of May 20, 2015, 84th Leg., R.S., ch. 415, § 15, 2015 Gen. Laws 1657, 1660 (codified at Tex. Water Code § 36.251(b)).

3

The Landowners challenge two orders rendered by the District: the order denying their request to be made parties to the contested case and the final order granting End Op's application for operating and transport permits. Undisputed aspects of this record reveal the district court had no jurisdiction over these orders.

The Landowners failed to file timely petition for review of the District's order regarding party status, which issued on January 19, 2015. A suit for review of that order can "only be filed after all administrative appeals to the district are final." *Id.* § 36.251(c). Administrative appeal of the order is governed by "Subchapters C, D, and F, Chapter 2001, Government Code." *Id.* § 36.416. Accordingly, these administrative appeals were "final" when the Landowners' motion for rehearing was overruled by operation of law on March 15, 2015. *See* Tex. Gov't Code §§ 2001.144(a)(2) (defining finality), .146(c) (allowing 55 days for decision before motion is denied by operation of law). The Landowners filed a timely motion for rehearing but did not wait for a decision on that motion before seeking judicial review. Nor did they file a second suit after the motion was denied by operation of law. Absent an applicable savings clause, courts have no jurisdiction over a prematurely filed suit for review of administrative action. *See Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985) ("The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of the parties."). The Legislature has recently amended the Administrative Procedure Act to extend the waiver of sovereign and governmental immunity to reach certain prematurely filed suits for review. *See* Act of June 16, 2015, 84th Leg., R.S., ch. 625, § 11, 2015 Tex. Gen. Laws 2058, 2061 (codified at Tex. Gov't Code § 2001.176(a)). That provision,

4

however, does not apply to this suit. *See* Tex. Water Code § 36.416 (subjecting groundwater permit hearings to subchapters C, D, and F of the Administrative Procedure Act, but not subchapter G, which includes the savings clause in section 2001.176(a)).

The district court likewise lacked jurisdiction over the Landowners' challenge to the final order granting the disputed permit application. That order issued in September of 2016, and therefore the amended version of Section 36.251 applies to the suit for review of the order. *See* Act of May 20, 2015, 84th Leg., R.S., ch. 415, § 15, 2015 Gen. Laws 1657, 1660. As a consequence, the right to seek judicial review is limited to "[o]nly the district, the applicant, and parties to a contested case hearing." *Id.* § 36.251(b). Thus, because the Landowners were not made parties to the contested case, they cannot now avail themselves of a waiver of governmental immunity limited only to those parties.

The Landowners contend their suit is not subject to these jurisdictional constraints because—as they characterize it—they intend to raise "constitutional challenges" to the District's order denying them party status. Even assuming the Landowners could amend their pleadings and raise a constitutional theory consistent with the high court's holdings in *Edwards Aquifer Authority v. Day*, 369 S.W.3d 814 (Tex. 2012), the claim would be barred by the doctrine of redundant remedies. "Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015) (citing *Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 200 (Tex. 2007)). "The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created a statutory waiver of sovereign

5

immunity that permits the parties to raise their claims through some avenue other than the UDJA." *Id.* (citing *Alamo Express, Inc. v. Union City Transfer*, 309 S.W.2d 815, 827 (Tex. 1958)). "When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies." *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 669 (Tex. App.—Austin 2006, no pet.) (en banc); *see also McLane Co. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871 (Tex. App.—Austin 2017, pet. denied). The test for redundancy is whether "the declaration sought goes beyond reversal of an agency order." *Patel*, 469 S.W.3d at 79.

The Landowners' arguments regarding an alleged constitutional violation are the very same arguments raised in their untimely suit brought under section 36.251 of the Water Code. And the relief they seek—injunction of the now-issued operating permits until a new contested case can be heard—might have been afforded by the district court had the Landowners sought timely review of the order pursuant to that section. Thus, unlike *Patel*, in which the plaintiffs sought interpretation and injunction of certain statutes in addition to relief from administrative orders, in this case any declaration or injunction would go no further than the declaration and injunction available in a suit for judicial review. *See id.* Because the Landowners' hypothetical constitutional claim is redundant of the claim that could have—and should have—been brought under the statutory waiver of immunity set forth in chapter 36 of the Water Code, the district court would have no jurisdiction to entertain such a claim.

Having concluded that the district court lacked jurisdiction over the subject matter, and having concluded that the pleadings and the record affirmatively negate the existence of that

6

jurisdiction, we do not reach the parties' arguments regarding the merits of this dispute. We reverse the district court's holding regarding jurisdiction and vacate the remainder of its final judgment. The case is dismissed.

                                   _____

                                   Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field
  Concurring Opinion by Justice Pemberton

Vacated in Part; Reversed and Rendered in Part

Filed:   August 29, 2018

7