**Opinion issued February 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00297-CV

———————————

**ASC BEVERAGES, LLC D/B/A THE AVO SHOPPING COMPANY,**
**Appellant**

**V.**

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-20352**

---

## O P I N I O N

Appellant ASC Beverages, LLC d/b/a the Avo Shopping Company ("Avo Shopping") appeals from the trial court's order granting a plea to the jurisdiction and dismissing with prejudice Avo Shopping's suit against the Texas Alcoholic Beverage Commission ("TABC"). On appeal, Avo Shopping argues first that the

trial court erred by dismissing its case because it was authorized by the Texas Alcoholic Beverage Code, and second that it should prevail on the merits of its case.

Because we conclude that the trial court correctly granted the plea to the jurisdiction, we affirm.

## Background

Avo Shopping wanted to use a property as a warehouse space and fulfillment center for its food and alcoholic beverage delivery service. The property was within 1,000 feet of Booker T. Washington High School, and within a 1,000-foot alcohol-free zone established by a City of Houston ordinance.[1] Avo Shopping believed that it was nevertheless entitled to both a Package Store Permit and a Retail Dealer's Off-Premise License because it estimated that no more than 25% of its sales would come from the sale of alcohol and because it would not have a store front through which the public could enter. In October 2021, Avo Shopping completed an application to obtain from TABC a Package Store Permit and a Retail Dealer's Off-Premise License. As part of the application process, Avo

---

[1]    In administrative proceedings in this case, the parties stipulated to these facts. Clerk's R. 61, ¶ 14, 62 ¶ 20.

Shopping asked the City of Houston to certify whether the proposed location was eligible for the requested license and permit under municipal law.[2]

The City promptly responded that the proposed location was "not eligible for a City of Houston Permit for the sale of alcoholic beverages" because the address was in "an alcohol-free zone and within 1,000 feet of a public or private school."[3] Avo Shopping asked the City to review the "denial of a City of Houston permit for the sale of alcoholic beverages," citing specifically its understanding that a statutory exemption applied and would entitle them to a permit, a license, and the intended use of the property:

> This application was rejected due to the applicant being within 1,000 feet of Booker T. Washington High School. Under Texas Alcoholic Beverage Code Section 109.33, the location restrictions do not apply to the holder of "(2) a retail off-premise consumption permit or license if less than 50 percent of the gross receipts for the premises, excluding the sale of items subject to the motor fuels tax, is from the sale or service of alcoholic beverages." This applicant projects that only twenty-five percent (25%) of its overall sales will derive from the sale of alcohol: of their $3,744,600.00 in projected total sales for 2022, only $936,150.00 of those sales will derive from alcoholic beverages and the remaining will derive from food. Furthermore, this applicant will use the location as a warehouse space and fulfillment

---

[2]    Avo Shopping sent the TABC Initial Application and Certifications Form to the Commercial Permitting and Enforcement Section of the City of Houston's Administration and Regulatory Affairs Department.

[3]    As we will explain later in this opinion, under the current version of the Texas Alcoholic Beverage Code, the City of Houston no longer grants or denies permits for the sale of alcoholic beverages because that authority rests solely with the TABC.

3

center for its food and alcoholic beverage delivery service. There will be no store front or ability for the public to enter the location.

This permittee therefore asks that the City of Houston approve their location for the sale of alcohol. I am also attaching a Texas Alcoholic Beverage Commission Initial Application form that includes the projected sales.

On January 31, 2022, the City responded by email, saying: "After reviewing the information that you provided and the application form, this location is not eligible for a Package Store permit, which is what caused the denial." Three days later, Avo Shopping requested a hearing before the County Judge "to review the City of Houston's refusal to certify a location for the sale of alcoholic beverages." Avo Shopping again asserted its argument that a statutory exemption applied and that the City of Houston had erroneously interpreted and applied the law.

A master appointed by County Judge Lina Hidalgo held an evidentiary hearing and ruled in favor of the City. The master found that Texas law allows the holder of a Package Store Permit to hold on-premises product tastings of "distilled spirits, wine, malt beverages, or spirit-based coolers."[4] She also found that Avo Shopping's intended business use required both the Package Store Permit and the Retail Dealer's Off-Premise License. While the exception in Texas Acoholic Beverage Code section 109.33(f)(2) would make the location eligible for a Retail Dealer's Off-Premise License, the statute itself "does not specify that it applies to

---

[4]     *See* TEX. ALCO. BEV. CODE 22.18(a) (regarding tastings).

4

package stores." Finally, she concluded that the fact that a Package Store Permit allows its holder to have on-premises tastings removes it from the exception in section 103.33(f)(2).

After Avo Shopping's motion for rehearing of the master's decision was denied, Avo Shopping filed suit against the Texas Alcoholic Beverage Commission, not the City of Houston or Harris County. TABC filed a plea to the jurisdiction, asserting that Avo Shopping had sued the wrong party. It argued that the trial court lacked jurisdiction because Avo Shopping was not challenging any action taken by the TABC. It further argued that a judgment against the TABC cannot be enforced against the City, and the City is not an agent of the TABC for the purpose of certification. TABC also argued that the suit was not authorized by chapter 11 or 61 of the Alcoholic Beverage Code. The trial court granted the plea and dismissed the suit, with prejudice, for want of jurisdiction. Avo Shopping appealed.

**Analysis**

Avo Shopping raises two issues on appeal. The first issue challenges the trial court's grant of the plea to the jurisdiction. The second issue argues the merits of Avo Shopping's contentions about the exception to the alcohol-free zone. We agree that the trial court lacked jurisdiction over this case, and we will address only the first issue.

## I.    Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Subject matter jurisdiction requires that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *The State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 443). "Justiciability is a matter of concern in every civil case, and remains a live concern from the first filing through the final judgment." *Heckman v. Williamson Cnty.*, 369 S.W.3d at 137, 147 (Tex. 2012). For an issue to be justiciable, "there must be a real controversy between the parties that will be actually resolved by the judicial relief sought." *Gomez*, 891 S.W.2d at 245.

An order or judgment entered by a court that lacks jurisdiction is void and would not bind the parties. *Gomez*, 891 S.W.2d at 245. A nonbinding decision is an advisory opinion, and it is prohibited by article II, section 1 of the Texas Constitution. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam) ("Under article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions."); *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 443 (Tex. 1998) ("The

courts of this state are not empowered to give advisory opinions."); *see also* TEX. CONST. art. II, § 1 (separation of powers).

The plaintiff has the burden to affirmatively demonstrate a trial court's jurisdiction.[5] *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). When a plea to the jurisdiction challenges whether the plaintiff has alleged facts that affirmatively demonstrate jurisdiction, we review the trial court's ruling de novo and based on the pleadings. *Abbott v. Mexican Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022); *see Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023) (noting that whether court has subject-matter jurisdiction is question of law). When a plea to the jurisdiction challenges the existence of jurisdictional facts, our review mirrors that of a traditional summary judgment.[2] *Abbott*, 647 S.W.3d at 689.

## II. Plea to the jurisdiction

In its plea to the jurisdiction, TABC argued that the trial court lacked jurisdiction because (1) there was no live controversy between Avo Shopping and TABC, (2) a judgment rendered against TABC would not resolve Avo Shopping's

---

[5] Governmental units, including cities, are generally entitled to governmental immunity from suit unless the Legislature has consented to suit. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022); *see* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining "governmental unit" to include cities). A city may challenge a court's jurisdiction by asserting immunity in a plea to the jurisdiction. *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). The plaintiff's burden to demonstrate a trial court's jurisdiction includes the obligation to establish a waiver of sovereign immunity in suits against the government. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

controversy with the City of Houston, and (3) there is no statutory right to judicial review of a county judge's refusal to certify that a location is in a wet area.

In its response, Avo Shopping relied on provisions of the Alcoholic Beverage Code that had been repealed and on caselaw that relied on the repealed provisions. Relying on these older authorities, Avo Shopping maintained that the finding by the master appointed by the Harris County judge constituted "a denial of a permit application by a hearing officer for the TABC itself."

## III. No justiciable controversy

Our determination of whether the trial court erred by dismissing the claims against TABC begins with a consideration of the statutes.

### A. Historical regulation of the alcoholic beverage industry

The Legislature enacted the Alcoholic Beverage Code in 1977, as a formal revision to prior laws that date back to the years just following the end of Prohibition. *See* Senate Bus & Comm. Cmte., Bill Analysis, Tex. H.B. 1545, 86th Leg. R.S. (2019) ("Following the repeal of Prohibition, Texas chose to regulate alcohol through a three-tier system, separating the manufacture, distribution, and sale of alcoholic beverages."). From 1977 until the 2019 amendments, the Code included an exception to the permitting requirement for wine and beer retailer's permits:

> Sec. 11.31 APPLICATION FOR PERMIT. All permits shall be applied for and obtained from the commission [TABC]. This section

8

does not apply to wine and beer retailer's permits, except those for railway cars or excursion boats, or to wine and beer retailer's off-premise permits.

Act of May 4, 1977, 65th Leg., R.S., (codified at TEX. ALCO. BEV. CODE § 11.31(former)). Considering this, some permits were granted by local authorities. *See id.* (codified at TEX. ALCO. BEV. CODE § 11.37 (former)). For example, former section 11.37 provided, in part:

> Sec. 11.37. CERTIFICATION OF WET OR DRY STATUS. (a) The county clerk of *the county in which an application for a permit is made* shall certify whether the location or address given in the application is in a wet area and whether the sale of alcoholic beverages for which the permit is sought is prohibited by any valid order of the commissioners court. . . .

*Id.* (emphasis added). Under this statutory scheme, a county or city could deny a permit or license to sell wine and beer. *See Lindsay v. Sterling*, 690 S.W.2d 560, 561–62 (Tex. 1985); *see also* Texas Sunset Advisory Commission, Staff Report with Final Results—Texas Alcoholic Beverage Commission, at 47 (June 2019) ("The involvement of county judges in making TABC application decisions is an archaic remnant dating back to before the repeal of Prohibition, when beer was legal and regulated at the local level.").

In *Lindsay*, the Texas Supreme Court concluded that under the then-existing statutes, a county judge who denied an application for a license or permit under the Alcoholic Beverage Code was acting for the TABC:

9

In reviewing an application for a beer and wine license, the county judge is acting in an administrative, rather than a judicial, capacity. *State v. Bush*, 151 Tex. 606, 253 S.W.2d 269, 272 (1952). Although section 3 of APTRA defines "agency" as any state board, commission, department, or officer having statewide jurisdiction, the county judge is actually acting as part of the review process of the Texas Alcoholic Beverage Commission, a statewide agency. An appeal from the county judge's denial of an application is controlled by sections 61.34 and 11.67 of the Alcoholic Beverage Code, and section 11.67(b) provides that this appeal shall be against the Texas Alcoholic Beverage Commission alone as defendant. This indicates the legislative awareness that a denial by the county judge constitutes a denial by the commission.

*Id.* at 562.

The Texas Alcoholic Beverage Commission would have been abolished September 1, 2019, unless continued by the Legislature. House Licensing & Admin. Procs. Comm., Bill Analysis, Tex. H.B. 1545, 86th Leg. R.S. (2019). In 2019, the Legislature undertook sunset review in conjunction with the Texas Sunset Advisory Commission, which had found both TABC's operations and the Alcoholic Beverage Code "in serious need of modernization." Senate Bus & Comm. Cmte., Bill Analysis, Tex. H.B. 1545, 86th Leg. R.S. (2019) ("[O]ver the years the [L]egislature has taken a piecemeal approach to responding to the evolving alcoholic beverage industry, carving out exceptions for various activities and creating ever more complicated nuances in the law instead of taking a more holistic approach to regulating the industry.").

The 2019 amendments eliminated the exception in section 11.31, so that only the TABC would issue permits, and changed the language of section 61.31 to clarify that only the TABC would issue licenses. *See id.* Likewise, sections 11.37 and 61.37, which concern certification of wet or dry status for permits and licenses, respectively, were amended to clarify that the TABC acts on applications for permits and licenses and the local authority certifies whether the location in question is in a wet or dry area in accordance with local orders, charter, or ordinances. *See id.*

## B. Texas Alcoholic Beverage Code (current)

Avo Shopping signed its TABC application for a retail dealer's off-premise license and a package store permit in October 2021 and filed suit against the TABC in April 2022. The current version of the Texas Alcoholic Beverage Code applies to this case. It provides: "Unless otherwise specifically provided by the terms of this code [the Alcoholic Beverage Code], the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions of this code." TEX. ALCO. BEV. CODE § 1.06. TABC issues both permits and licenses. *See id.* § 11.31 ("All permits shall be applied for and obtained from the commission [TABC]."); *id.* § 61.31(a) ("A person may file an application for a license to manufacture, distribute, store, or sell malt beverages with the commission on forms prescribed by the commission.").

To obtain a permit from the TABC, a prospective applicant must obtain a certification from the city or county in which the request is made to certify whether the location identified in the request is in a "wet area," and whether the sale of alcoholic beverages for which the permit is sought is prohibited by city charter or ordinance or by any valid order of the commissioners court. *Id.* § 11.37(a) (county), (b) (city). If the city or county "certifies that the location or address given in the request is not in a wet area or refuses to issue the certification . . . the prospective applicant is entitled to a hearing before the county judge to contest the certification or refusal to certify." *Id.* § 11.37(d).

An applicant for a license or permit may appeal an order of the TABC or its administrator that cancels, suspends, or denies a permit or license by filing suit in the district court. *See id.* § 11.67; *see also id.* § 61.81 (authorizing appeal from cancellation or suspension of license); *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 324 (Tex. 2017) (holding under prior Code: "The Alcoholic Beverage Code provides that a party whose application is refused, or whose permit is cancelled or suspended, may appeal that decision.").

The statute does not expressly authorize further review of a city or county's certification of a location as being in a wet or dry area, but a party can seek clarification of its rights under a local ordinance relating to whether a location is "wet" or "dry" by use of procedures other than appeal authorized by section

11.37(d). *See FLCT, Ltd. v. City of Frisco*, 493 S.W.3d 238, 259 (Tex. App.—Fort Worth 2016, pet. denied) ("Nothing in the alcoholic beverage code indicates that the remedy available to a permit applicant in section 11.37(d) was intended to be the only remedy available to a landowner challenging a municipality's application of distance restrictions to its property."); *Supermercado Teloloapan, Inc. v. City of Houston*, 246 S.W.3d 272, 275 n.2 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (allowing parties to seek clarification of rights under local ordinance relating to location of alcohol-selling establishments by filing declaratory judgment action).

### C. Avo Shopping's contentions

On appeal, Avo Shopping argues that it has the right to appeal the City of Houston's refusal to certify that the proposed location is in "wet" area under section 11.67, which states: "An appeal from an order of the commission or administrator cancelling or suspending a permit or license may be taken to the district court of the county in which the licensee or permittee resides or in which the owner of involved real or personal property resides." TEX. ALCO. BEV. CODE § 11.67(a). "The appeal shall be under the substantial evidence rule and against the commission alone as defendant." *Id.* § 11.67(b).

Avo Shopping relies on *Lindsay* and other cases that predate the 2019 amendments for the proposition that a dissatisfied applicant may challenge a

county judge's decision that a proposed location is not in a wet area by appealing to the district court and filing suit against the TABC. App. Br. at 20; *see Lindsay*, 690 S.W.2d at 562. We disagree. The Supreme Court's holding in *Lindsay* arose from the statutory scheme in place at the time, which allowed a county judge to grant or deny applications and licenses regarding wine and beer. *See Lindsay*, 690 S.W.2d at 562. The Alcoholic Beverage Code no longer includes those provisions and now provides that the TABC is the only entity to grant or deny an application. Accordingly, *Lindsay* is distinguishable and does not control the outcome in this case.

Avo Shopping argues that the Legislature could have amended the statute to provide that a county judge's decision is not subject to an appeal under section 11.67. We think that it did. By amending sections 11.31 and 61.31, the Legislature removed the local entities' ability to rule on permit and license applications. Thus, when a county judge hears an appeal under sections 11.37 or 61.37, regarding the certification of an area as wet or dry, she is no longer acting on behalf of the TABC but only on behalf of the locality.

Avo Shopping also argues that the statutory references to "administrator" refer to a county judge. App. Br. at 21. We disagree. "Administrator" is defined by section 5.11 of the Code, which provides:

> (a)     The commission shall appoint an administrator to serve at its will and, subject to its supervision, administer this code. Unless

14

the commission orders otherwise, the administrator shall be manager, secretary, and custodian of all records. The administrator shall devote the administrator's entire time to the office and shall receive a salary as appropriated by the legislature.

(b)     The administrator is also known as the executive director.

TEX. ALCO. BEV. CODE § 5.11. Thus, as used in the Code, the term "administrator" refers to the executive director of TABC, not a county judge making a determination based on local law, which includes a city's charter, city ordinances, and county commissioners court orders.

Avo Shopping has not alleged in its pleading any actions taken by the TABC or by the City of Houston or the county judge that can be imputed to the TABC under the current statutory scheme. TABC has not granted or refused either the permit or license that Avo Shopping seeks. We conclude that the trial court lacked jurisdiction because there is no current, live, real controversy between Avo Shopping and TABC and nothing to be resolved through judicial relief at this time. *Gomez*, 891 S.W.2d at 245; *Heckman*, 369 S.W.3d at 137, 147

Accordingly, we hold that the trial court did not err by granting the plea to the jurisdiction.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.